JAMES MILLS, PLAINTIFF IN ERROR, V. THE STATE OF
NEBRASKA, DEFENDANT IN ERROR.

1. Criminal Law: LIBEL. A libelous charge made by A against B contained in a letter written and mailed in this state to C, residing in another state, is sufficient to render A liable in this state for the offense.

2. ———: ———: HUSBAND AND WIFE. To render a husband liable for a letter containing libelous charges written by his wife, it must appear either that he aided in or authorized the writing of the libelous matter

3. ———: ———: ———: EVIDENCE. Where on an indictment for libel for matter contained in a letter signed in the husband's name he was found guilty, and the testimony tended to show that the letter was written by the wife, and that the husband did not aid in composing or authorize the use of the libelous words, the judgment was reversed.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*O. H. Ballou,* for plaintiff in error.

*Lee Estelle, District Attorney,* and *John L. Kennedy,* for the State.

MAXWELL, J.

At the February, 1885, term of the district court of Douglas county an indictment was found against the plaintiff in error, wherein said jury present: "That James Mills, late of the county aforesaid, on the twentieth day of January, Anno Domini one thousand eight hundred and eighty-four, in the county of Douglas, and state of Nebraska aforesaid, being a person of an envious, wicked, and evil mind, and of a malicious disposition, and wickedly, maliciously, and unlawfully contriving, and intending, as much as in him lay, to injure, oppress, aggrieve, and

villify the good name, fame, credit, and reputation of Alice Daily, and to bring her into public scandal, hatred, infamy, and disgrace, and of his great hatred, malice, and ill-will towards the said Alice Daily wickedly, maliciously, and unlawfully did compose, write, and publish, and cause to be composed, written, and published, a certain false, scandalous, and defamatory libel of and concerning the said Alice Daily, containing therein among other things the false, malicious, and libelous words and matter following:" Then follows the libelous matter complained of, with proper innuendoes, " Which said false, malicious, scandalous, and defamatory libel he, said James Mills, afterward, to-wit, on the twenty-first day of January, in the year of our Lord eighteen hundred and eighty-four, at Omaha, in the county aforesaid, unlawfully and maliciously did send, and cause to be sent, to one John C. Heiskel, in the form of a letter addressed to the said John C. Heiskel, and did thereby, then and there unlawfully and maliciously publish and cause to be published the aforesaid libel," etc.

On the trial of the cause Mills was found guilty, and sentenced to imprisonment in the county jail for thirty days, and to pay a fine of one dollar and costs. The only ground of error assigned in this court is, that the verdict is not supported by the evidence.

It appears from the testimony that the Southwest Presbyterian Church, of Omaha, was organized in 1883, Mills, the plaintiff in error, and wife, and Howland Daily and Alice Daily, his wife, becoming members; that in the year 1884 charges were made against Mrs. Mills for circulating slanderous reports about Mrs. Alice Daily; that the session was composed of two members, of which Mr. Daily the husband of Alice was one. As a result of the trial Mrs. Mills was suspended for one year. The question of the correctness of that decision is not before the court, and as no appeal was taken to the presbytery it was no doubt correct; still it is very evident that Mr. Daily

was not in a situation to act impartially in the case, with his own wife as the accuser, and perhaps some of the slanderous words affecting himself. A church trial, like any other, should be had before an unbiased, impartial tribunal, and must be so held to do justice. Otherwise, while outwardly fair, there is danger that the decision will reflect the feelings or sympathies of those rendering it.

The result of the trial seems to have caused both Mills and wife to feel very much aggrieved, and he called upon several prominent members of the church asking them to sign a petition for a rehearing. He obtained but few if any signers, however. About this time (January 20, 1884) the letter to John C. Heiskel, of West Virginia, was written and signed "James Mills." Mr. Heiskel it appears was sheriff of one of the counties of West Virginia, and a stranger to Mills and wife. The letter was professedly written for information, but contains charges that no one with a proper sense of duty would make without proof. The charges are stated and repeated as though the subject was agreeable to the writer, and Mr. Heiskel is importuned and urged to look up proof in support thereof. And an offer is made to pay the expenses of a certain alleged witness. In effect the writer says to Mr. Heiskel: " I make these charges, now please look the proof up to sustain them." In our view the jury were fully justified in finding, as they must have done, that the charges were fabrications; and if the proof showed that the letter in question had been written by the plaintiff in error, the judgment would be affirmed. The plaintiff in error, however, denies writing the letter in question, and in this he is corroborated by a number of experts in writing, by the foreman under whom he was working at that time, showing that he was absent from Omaha, by the original letter itself, which is in evidence, and other letters and papers containing his signature, and by his wife who testifies that she wrote the letter complained of, and signed her hus-

37

band's name to it because of some of the language used
therein. The letter itself bears evidence in various ways
that it was not written by the husband, and there is no
doubt it was written by the wife.

But it is said that even if the letter was written by the
wife alone, still if he caused it to be written by her he will
be liable. This would be true if it appeared that he had
assisted in or authorized the composition of the libelous
letter. *Miller v. Butler*, 6 Cush., 71. *Reg v. Cooper*, 15
L. J. Q. B., 206. *Parker v. Prescott*, Law Rep., iv. Ex., 168.
Townsend on L. & S., 149. We find no testimony show-
ing that the husband knew of the libelous matter contained
in the letter at the time it was sent, the proof intro-
duced by the state on that point merely showing that he
admitted that they had written for information. A party
should not be held liable for an offense that he did not
commit or aid in committing, and the court will not infer
co-operation in composing a libel from the mere request to
write a letter of inquiry. There is no proof whatever that
the plaintiff in error had seen the Heiskel letter at the
time his statements were made or knew its contents.
The proof, in fact, shows the contrary. There is not suf-
ficient testimony, therefore, to sustain the verdict. While,
however, the proof fails to show that the plaintiff in error
either wrote or authorized the writing of the letter sent to
Heiskel, it does show conclusively that he did write and
send letters relating to the alleged scandal to other persons,
and also that he had frequent conversations with certain
citizens of Omaha in regard to the same; but as the indict-
ment is based upon the Heiskel letter alone, the other
letters and matters referred to cannot be considered. The
impression created on the mind of the writer from reading
the testimony is, that the plaintiff in error and his wife
have yet much to learn in regard to respecting the good
name and fame of others; and if the result of the trial
shall be to cause them to recognize and respect such rights

it cannot fail to add to the happiness of others as well as themselves. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.