## HASKELL v. BAILEY.

(Circuit Court of Appeals, Fourth Circuit. October 5, 1894.)

No. 66.

1. FEDERAL COURTS—CITIZENSHIP.

It is citizenship, and not the residence, of the party, that confers jurisdiction, and gives the right to sue in the federal courts.

2. LIBEL UNDER CODE VA. 1887, § 2897—PLEADING.

An allegation that the words used are, "from their usual construction and common acceptance, construed as insults, and tend to violence and breach of the peace," in the language of the statute (Code Va. 1887, § 2897), makes the declaration one under the statute, though the words used are objectionable at common law.

3. SAME—EVIDENCE.

In an action under the statute for procuring the publication of a libel (Code Va. 1887, § 2897), articles printed in a newspaper published in another state, detailing an alleged interview with defendant, are admissible in evidence on testimony of defendant that he used substantially the words set out in the declaration in his conversation with one of the editors of the paper prior to their publication, where he never disavowed their authorship, and was careful to correct some criticisms therein.

4. SAME.

A finding that defendant caused the publication of libelous articles (Code Va. 1887, § 2897) will be sustained where it appears from his testimony as a witness for plaintiff that he uttered the words set out in the declaration in a conversation with one of the editors of the paper prior to their publication.

5. SAME—PLACE OF PUBLICATION.

It is not the place where the libelous article is printed, but the place where it is published and circulated, that makes the words actionable under Code Va. 1887, § 2897, making one who procured their publication liable therefor.

6. SAME—EVIDENCE—NEWSPAPER ARTICLES.

In an action for procuring the publication of libelous words (Code Va. 1887, § 2897) in newspaper articles, such articles are admissible in evidence after the use of the actionable words has been established, not only on the question of damages, but in connection with the use of the words alleged as tending to show that the language was employed by defendant prior to the publication.

In Error to the Circuit Court of the United States for the Western District of Virginia.

This was an action by John C. Haskell against John M. Bailey for a libel under Code Va. 1887, § 2897, in procuring the publication of alleged libelous words in certain newspaper articles published in the Bristol Courier, a newspaper printed in the state of Tennessee, September 9, 1890, and June 5, 1891. Defendant demurred to the complaint on the ground that the cause of action did not accrue until after the institution of the action, and also on the ground that it did not allege that plaintiff was a resident of the western district of Virginia. A plea to the jurisdiction was also filed, alleging that at the time of issuing the writing plaintiff was not a citizen of the state of Virginia, but was at the date thereof a citizen of the state of New York, and that defendant was at said date a citizen of the state of South Carolina. The court overruled the demurrer and plea in abatement, and the case proceeded to trial, and a verdict for plaintiff for $1,000 damages was rendered.

White & Buchanan, for plaintiff in error.

James A. Walker, for defendant in error.

Before SIMONTON, Circuit Judge, and JACKSON and HUGHES, District Judges.

JACKSON, District Judge. The first question presented in the record for consideration is the ruling of the court below on the ground of demurrer assigned by defendant October 30, 1891, as the record discloses that new grounds of demurrer were interposed on the 12th day of May, 1893. It is claimed under the first demurrer "that the cause of action did not accrue until after the institution of this action." This position is met by the fact that it is not true as to the first five counts in the declaration, as appears from the record. The summons in the case to commence the suit issued on the 27th day of August, 1891, returnable to the first Monday of September following, to answer the plaintiff's cause of action. The declaration was filed at September rules, 1891, which, under the statute of Virginia, was the first Monday and was the 3d day of the month. It contained six counts, each one of which but the last alleged that the publication of the libelous articles complained of occurred in July, 1891. The demurrer to the sixth count was sustained, and does not require notice. The ground assigned for demurrer on May 12, 1893, was that the declaration did not allege that the plaintiff was a resident of the western district of Virginia. The answer to this position is that the declaration avers the plaintiff to be a citizen of the western district of Virginia. It has been repeatedly held that it is the citizenship, and not the residence, of the party that confers jurisdiction, and gives a party the right to sue in the national courts. A person may have a residence in one state and be a citizen of another, as is often the case. One so situated could not maintain an action in the national courts upon the ground of residence. To do so he must be a citizen of a different state from the defendant, and sue either in the district in which he is a citizen or in the one in which the defendant is a citizen. For the reasons assigned we sustain the ruling of the court below on the demurrer, and for the same reasons we must hold that the objection to the filing of the plea in abatement to the jurisdiction of the court was well taken.

Having noticed the grounds of error in connection with the demurrer, we will now consider the first grounds of error assigned. It will be observed that the plaintiff in error, in stating his assignments of error, does not refer to the two causes of error assigned in the record and just disposed of, but we deem it proper to briefly notice and dispose of them.

The first assignment of error is that the demurrer to the declaration should have been sustained, because in each count there is combined a common-law libel and the statutory cause of action for insulting words. We cannot concur in this position. The pleader has alleged in each count of the declaration that the words used are, "from their usual construction and common acceptance, con-

strued as insults, and tend to violence and breach of the peace." He has employed in each count of the declaration the very terms of the statute, which necessarily makes it a declaration under the statute. It does not follow that, because the words used were objectionable at common law, the action may not be sustained under the statute. Such we understand to be the ruling of the supreme court of Virginia upon this statute. Chaffin v. Lynch, 83 Va. 106, 1 S. E. 803.

In the second assignment of error it is alleged that the plaintiff was allowed to read in evidence two articles printed in a newspaper published at Bristol, Tenn., and that the court erred in allowing them to be read as evidence. The record discloses that the defendant was placed on the witness stand, and admitted on examination that he used substantially the words set out in the declaration in his conversations with Mr. Slack, one of the editors of the paper, prior to their publication. It does not clearly appear when he first made use of the language, but we must conclude that it was before the beginning of the action, as no error is complained of on that ground. It is claimed, however, that he denied the authorship of the articles referred to in the Bristol paper, yet he never disavowed them, though he frequently saw them, and was careful to correct some criticisms made in them. It must be apparent that there was no occasion for him to correct any statement so made unless he was either the author of the articles or authorized their publication. We think it sufficiently appears from the record that prior to these publications the defendant below had uttered the words set out in the declaration, and that the utterance of the libelous words instigated the publication of the libelous articles. He had several conversations with the editor of the paper, and after the conversations the publication occurred. Under the statute he must be held responsible for having "caused the publication by another," otherwise the object of the statute would be defeated. The acts and conversations were submitted to the jury for it to determine whether he caused the publication, and the verdict of the jury was that he did. In this connection it is contended that there is no evidence before the jury that the words used were actionable in Tennessee. We think there is nothing in that position. If the publication is actionable under the statutes of Virginia, and the defendant below was the cause of the publication, he must be held responsible for all the consequences of the publication that arise out of its circulation in Virginia. It is not the place where the libelous article is printed, but the place where it is published and circulated that makes the words used actionable. The publications, however, were admissible upon another ground. After the use of the actionable words had been established, the admission of the articles in evidence was proper, not only on the question of damages, but in connection with the use of the words sued on as tending to show that the language was employed by the defendant prior to the publication. It follows, from what we have said, that the judgment of the court below must be affirmed, and it is so ordered.