## BAKER *et al. v.* THE STATE.

1. That the solicitor-general was himself the prosecutor in a criminal case, and appeared before the grand jury not only as such but also in his official capacity, is not, after the trial and conviction of the accused, good cause for a new trial, no exception to the indictment on that ground having been previously taken.   In such case, however, a solicitor-general *pro tem.* should have been· appointed before the indictment was acted upon by the grand jury.

2. As has been repeatedly ruled, the Supreme Court will not undertake to correct alleged errors in admitting evidence, when it does not appear what, if any, objection was made to the evidence at the time it was offered; nor, when the evidence objected to is not set out in the motion for a new trial, but is merely referred to therein as being contained in the brief of evidence.

3. A ground of a motion for a new trial which undertakes to complain of an alleged irregularity at the trial, without clearly and distinctly stating of what it consisted, but simply averring in general terms that "the circumstances attending this matter are also fully set out in the brief of evidence," does not properly and legally present any question for determination by this court.

4. Where two persons are jointly indicted and tried for the offense of libel, there may, if the evidence so authorizes, be a conviction of one and an acquittal of the other.

5. Although certain expressions in the charge of the court may have been somewhat calculated to convey the impression that if either of the two persons who were on trial was guilty, there should be a conviction of both, yet as the court elsewhere in its charge in effect instructed the jury that the guilt of one would not necessarily result in the conviction of the other, and the jury must have understood from the charge as a whole that neither should be convicted unless his own guilt was satisfactorily proved, the inadvertent use of the expressions above referred to is not cause for a new trial.

6. Where, in such a trial, it appeared that the alleged libelous matter was published in a newspaper, and that at least one copy of that paper was sent to a given county, this was suffi-

cient evidence as to publication therein, without showing that the paper in question had a general circulation in that county.

7. Where an alleged libel consisted in the publication of a letter which did not, upon its face, without the aid of innuendo and of extrinsic evidence, impute to the person alleged to have been libeled the commission of an indictable offense, it was error for the court, in construing this letter, to instruct the jury that it did charge such an offense and was consequently libelous *per se*. Whether or not, in such case, the letter, in the light of all the evidence, was or was not libelous, was a question of fact which ought to have been submitted to and passed upon by the jury.

October 28, 1895.

Indictment for libel. Before Judge Milner. Bartow superior court. July term, 1895.

*Glenn & Rountree*, for plaintiff in error. *A. W. Fite*, solicitor-general, and *A. S. Johnson*, contra.

LUMPKIN, Justice.

The grand jury of Bartow county indicted Thomas H. Baker and C. H. Cunyus for the offense of criminal libel. A. W. Fite, in his individual capacity, was the prosecutor; and, in his official character of solicitor-general of the circuit including the county named, also appeared before the grand jury by which the indictment was found. The alleged libel consisted of the publication of a letter purporting to have been addressed to Baker by one Harrison Smith, which letter was in the following words:

"Pine Log, Ga., September, 18, 1894.

"Dr. Baker: Gus Fite, solicitor-general, was here Saturday, and made our church a proposition to pay all the debt on the church, if we would vote for Lumpkin. The debt is $90.00 and interest. John Vaughan told me to see you about it, before I let it go before the church. Let me know as quick as you can what to do about it. I would like for you to speak at our schoolhouse somewhere towards the last of the month. Let me know as soon as you can. There will be a large crowd at the church Sunday, and I want to have it given out if you will come.

"Harrison Smith."

It was set forth in the indictment with various innuendoes, the nature of which will appear from the following copy of the letter as it therein appeared:

"Pine Log, Ga., September 18, 1894.

"Dr. Baker: Gus Fite (thereby meaning the said A. W. Fite) was here Saturday, and made our church a proposition to pay off the debt on the church, if we would vote for Lumpkin (thereby meaning William H. Lumpkin, who was then a candidate for State Senator in and for the 42nd Senatorial District of Georgia). The debt is ninety dollars and interest. John Vaughan told me to see you about it, before I let it go before the church, and let me know as quick as you can what to do about it. I would like for you to speak at our schoolhouse somewhere towards the last of the month. Let me no as soon as you can. There will be a large crowd at the church Sunday, and I want to have it given out if you will come. Harrison Smith."

Upon conviction, the accused filed a motion for a new trial, upon the overruling of which they assign error. This preliminary statement, in connection with the facts hereinafter stated, will render intelligible the rulings made by this court upon the questions presented for review.

1. We shall undertake no discussion of the proposition that it is improper for the solicitor-general to appear before the grand jury in a case which he himself prosecutes personally. It is, of course, his right as a citizen to be the prosecutor in any criminal case; but as he is the official counselor of the grand jury, he could not with propriety appear before that body and give advice in a case in which he was personally concerned. In such a case, a solicitor *pro tem.* should be appointed before the indictment is laid before and acted upon by the grand jury.

In the present case, however, no objection of any kind was made to the indictment on the ground that the solicitor-general had appeared before the grand jury in the dual character of prosecutor and State's counsel, until after the accused had been tried and convicted; and it was then

too late to raise the question that, because of the fact above recited, no proper indictment had been returned against the accused.

2. If this court, by a long and unbroken line of adjudications, has been able to definitely and finally settle any question of practice, the rules announced in the second head-note should be accepted as authoritative and conclusive. They apply to several of the grounds of the present motion assigning error in admitting evidence.

3. One of the grounds of the motion complains of error in conducting an inquiry in the presence of the jury, as to whether or not Baker, one of the accused on trial, then had a pistol in his pocket; and it is alleged that "the circumstances attending this matter are also fully set out in the brief of evidence." This court cannot undertake to scrutinize the brief of evidence for the purpose of ascertaining what were the "circumstances" to which allusion is here made. This announcement is in accord with the practice uniformly observed in this tribunal.

4--5. The statement contained in the fourth head-note is axiomatic. There are, in the charge of the court, some expressions calculated to convey the impression that if the jury should find either one of the accused on trial guilty, there should be a conviction of both. We do not think, however, the jury were misled as to this matter, because elsewhere in his charge the judge gave them positive instructions to the effect that the guilt of one would not necessarily result in the conviction of both; and, as men of common sense, the jury must have understood that they were at liberty to convict one and acquit the other, if in their opinion the guilt of one was established beyond a reasonable doubt, and that of the other was not.

6. Among the charges complained of was an instruction relating to the newspaper in which the libel was published, to the effect that if it appeared that only one copy of the paper was sent to the county of Bartow, that would be

sufficient evidence as to publication therein, without showing that the newspaper in question had a general circulation in that county. This was a correct presentation of the law on the subject. 2 Starkie on Slander, *320; Odgers on Libel and Slander, 430; 2 Bish. Cr. Proc. §800.

7. It is an indictable offense to buy or sell a vote at any public election authorized by any law of this State; but it is not a criminal offense to buy or sell votes at elections with which the laws of this State have no concern, such, for instance, as an election for the pastor of a church, for the president of a debating society, manager of a baseball team, and the like. The Harrison letter does not, on its face, show for what office or position William H. Lumpkin was a candidate; and therefore, Mr. Fite, without violating any law of this State, could have offered to pay off the church debt on condition that the members would vote for Mr. Lumpkin, if, in fact, the election in which their votes were desired was not one provided for or authorized by a statute of Georgia. It is perfectly clear, therefore, that this letter does not, upon its face, impute to Mr. Fite the commission of an indictable offense. Of course, it was perfectly proper, in preparing the indictment, to show, by way of innuendo, what the charge contained in the letter really meant. This was done, as will have been seen, by the second copy of the letter appearing above in which the innuendoes are inserted. It would have been equally proper to sustain the indictment thus prepared, by appropriate evidence. But the difficulty is, the trial judge did not, as he ought to have done, leave this matter to be demonstrated by evidence; but cut off any necessity for proving the offense as laid, by instructing the jury that the letter in question did charge an indictable offense, and was consequently libelous *per se.* This was a grave error, and requires the granting of a new trial. The question whether or not, in the light of all the evidence, the letter was libelous, is one for solution by the jury at the next hearing.

*Judgment reversed.*