STATE *ex rel.* TAUBMAN v. HUSTON, Sheriff.

Where the proprietor of a newspaper printed a libel therein, and sent
   copies to his subscribers by mail throughout the state, he was
   punishable in the county into which such copies were sent, as well
   as in that where the libel was published, under Rev. Code Cr.
   Proc. Secs. 72, 73, providing that, where a public offense is com-
   mitted partly in one county and partly in another, the offense is
   punishable in either of such counties.

(Opinion filed Aug. 2, 1905)

Appeal from circuit court, Minnehaha county; Hon J. W.
JONES, Judge.

Habeas corpus, on relation of Thomas W. Taubman, against
R. J. Huston, sheriff. From an order denying the writ, relator ap-
peals. Affirmed.

*E. P. Wanzer,* for appellant.

*W. D. Scott* and *Aikens & Judge,* for respondent.

FULLER, J. All the facts set forth in the sheriff's return to a
writ of habeas corpus being admitted by a demurrer thereto, the
only question presented by this appeal from an order of the circuit
court denying the petitioner's application for a discharge form cus-
tody is whether the editor and proprietor of a newspaper, who
prints a libel therein, with the willful and malicious intent to injure
another by the publication of such defamatory article, is subject to
a criminal prosecution in a county of this state other than that in
which his printing office is located, but into which he has circulated
copies of such paper by mailing the same to subscribers residing
therein. At common law, where a bullet discharged from a rifle
aimed by an assassin in one county takes murderous effect in an-
other county, jurisdiction is concurrent; and our statute expressly

provides that where a public offense is committed partly in one county and partly in another, or within 500 yards of the boundary line of two or more counties, the jurisdiction of the offense is in either of such counties. Reasoning by analogy therefrom, it seems conclusive that an editor of this state, who writes and mails a libelous newspaper article in one county to be published in another, consumates the offense in the latter county, and may be indicted therein and placed upon his trial. Rev. Code Cr. Proc. §§ 72, 73. Such is the rule at common law, so far as traceable, and in Commonwealth v. Blanding, 3 Pick. 304, 15 Am. Dec. 214, it was held that the transmission of a newspaper published in another state to one of the counties of Massachusetts for circulation rendered the publisher of a libel contained therein amenable to prosecution in such county. So in Belo v. Wren, 63 Tex. 721, the court say: "The fact that the crime of libel may have been completed by a publication of the paper in Galveston county does not make it any less of a crime to circulate the number containing the alleged libelous article in other places. By the common law the sale of each copy is a distinct offense, and the prosecutor may at least choose for which of the distinct offenses he will call the guilty party to account. A copy of the paper may first be sold to A., then one to B., and another to C.; but, because the publication is completed by selling to A., the government is not bound to select that particular fact as the one upon which it will rely to prove the completion of the offense. It may indict for either of the sales, and it makes no difference which was first in point of time. So, for the same reason, it is unimportant in what place the publication first took place." In conformity with the principles upon which the law of libel is based, Chancellor McClain makes the following observation: "The crime is committed where the publication is made; but, if the publication is in a

newspaper intended for circulation, it may be deemed made in each county into which it is sent, even though printed in another state." McClain on Criminal Law, § 1058. The following cases are to the effect that a prosecution for libel is sustainable in any county where a periodical containing it circulates or to which it is mailed for publication: Baker v. State 25 S. E. 341; Commonwealth v. Macloon, 101 Mass, 1; Haskell v. Bailey, 63 Fed. 873, 11 C. C. A. 476; Bailey v. Chapman, 15 Tex. Civ. App. 240, 38 S. W. 544; Mills v. State, 18 Neb. 575, 26 N. W. 354. The act of publication with malicious intent being the gravamen of criminal libel, our conclusion is that the editor of a newspaper who thereby starts in motion unlawful means to injure the good name of another many be prosecuted, in the absence of legislative restriction, in any county where his libelous publication is circulated.

The order appealed from is therefore affirmed.