[No. 10958. Department One. June 13, 1913.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN C. PIVER, *Respondent*.[1]

LIBEL AND SLANDER—CRIMINAL PROSECUTION—NONRESIDENT PUBLISHERS—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 2428, providing that in criminal libel, the editor or proprietor of a book or paper published in this state shall be proceeded against in the county where the book or paper was published, and Id., § 2429, providing that "every other person" publishing a libel in this state may be proceeded against in any county where such libelous matter was "published or circulated" the last section includes editors, proprietors and publishers of books and papers published without the state and circulated within the state.

SAME—CRIMINAL PROSECUTION—VENUE—NONRESIDENTS. The state has the power to define libel and punish offenders against the law within this state, although they are nonresidents and publish the libel outside of the state and circulate it in this state through the mails.

SAME. A nonresident publishing a libel as defined by our statutes and circulating it in this state, is punishable in this state, although punishment may be inflicted elsewhere for the commission of the offense in other jurisdictions.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 27, 1912, dismissing a prosecution for libel. Reversed.

*John F. Murphy* and *S. H. Steele*, for appellant.

*John W. Roberts*, for respondent.

MOUNT, J.—The defendant was charged with criminal libel, in the superior court of King county. Upon the trial of the case, the trial court was of the opinion that it had no jurisdiction. The case was therefore dismissed. The state has appealed.

It was stipulated, in substance, at the trial that the defendant was, at the time of the alleged publication, the editor and

[1]Reported in 132 Pac. 858.

proprietor of the Underwriters' Report, a newspaper edited, printed and published in San Francisco, California, and from San Francisco circulated through the United States mail in King county, Washington, as well as in other counties and states of the United States; that the defendant maintained no agent or agency within King county or the state of Washington for the circulation of said publication, and that it circulated in King county, Washington, only to about twenty-five subscribers; that these subscribers received the publication through the United States mail; that the defendant's home and place of residence was and is in San Francisco, California; that he went to Spokane, Washington, to attend an insurance convention, and while in attendance upon that convention, was arrested in this state upon an information filed in King county, Washington.

The statutes of this state relating to criminal libel provide:

Rem. & Bal. Code:

"Section 2424. Every malicious publication by writing, printing, picture, effigy, sign or otherwise than mere speech, which shall tend . . . to injure any person, corporation or association of persons in his or their business or occupation, shall be a libel. Every person who publishes a libel shall be guilty of a gross misdemeanor." (P. C. 135 § 343).

"Section 2426. Any method by which matter charged as libelous may be communicated to another shall be deemed a publication thereof." (P. C. 135 § 347).

"Section 2428. No prosecution for libel shall be maintained against a reporter, editor, proprietor, or publisher of a newspaper for the publication therein of a fair and true report of any judicial, legislative or other public and official proceeding, or of any statement, speech, argument or debate in the course of the same, without proving actual malice in making the report. The editor or proprietor of a book, newspaper or serial shall be proceeded against in the county where such book, newspaper or serial is published." (P. C. 135 § 351).

"Section 2429. Every other person publishing a libel in this state may be proceeded against in any county where such libelous matter was published or circulated, but a person shall not be proceeded against for the publication of the same libel against the same person in more than one county." (P. C. 135 § 353).

It is argued by the respondent that there is no provision in these statutes which authorizes the prosecution of an editor or publisher of a newspaper published outside of this state although it be circulated herein. The provision of § 2428 that "the editor or proprietor of a book, newspaper or serial shall be proceeded against in the county where such book, newspaper or serial is published," clearly refers to a publication within this state. It is manifest that the legislature by this provision was not attempting to legislate against publications outside of the state. It is clear, we think, that this clause should be read as follows:

"The editor or proprietor of a book, newspaper or serial published in this state, shall be proceeded against in the county where such book, newspaper or serial is published."

The next section provides: "Every other person publishing a libel in this state may be proceeded against in any county where such libelous matter was published or circulated." It is clear, we think, that the words "every other person" refer to persons other than editors, proprietors or publishers of books, newspapers or serials published within this state, and includes editors, proprietors and publishers of books, newspapers or serials published without the state and circulated within the state. This construction seems too plain for serious dispute. It was plainly the intention of the legislature that, for the publication of libelous matter by editors, proprietors or publishers within the state, prosecution should be had in the county of the publication; and that every other person publishing a libel in this state might be prosecuted in any county where the libelous matter was published or circulated; and the publication or circulation as

mentioned in that section refers back to § 2426 as any method by which matter charged to be libelous may be communicated to another, and clearly did not refer to the primary publica-tion.

It is argued by the respondent that this construction of our statute subjects the publisher of a libel to a trial and punishment away from his home in every county of the state where his publication is circulated, and in every state and county of the Union; that such a construction would be an unreasonable construction to place upon the statute. There can be no doubt, we think, that an action or prosecution for libel may, as a general rule, be brought in the jurisdiction where the defendant resides or is found, *"or in any juris-diction where the defamatory matter was published or circu-lated."* 18 Am. & Eng. Ency. Law (2d ed.), p. 1119; Clark, Criminal Law (2d ed.), p. 421; 3 Wharton, Criminal Law (11th ed.), § 1942; 2 McClain, Criminal Law, § 1058; *State ex rel. Taubman v. Huston* (19 S. D. 644, 104 N. W. 451, 117 Am. St. 970), 9 Am. & Eng. Ann. Cas. p. 381, and note p. 382.

This state clearly has the power to define a libel and pre-scribe the punishment therefor, and to punish offenders against the law within this state. If a person residing with-out the state publishes a libel against a citizen of the state and circulates such libel within the state, he is as much sub-ject to punishment within the state as any citizen of the state. The mere fact that he resides outside of the state and pub-lishes the libel outside of the state is no excuse for a violation of the law of the state. And the fact that the same publica-tion may subject him to prosecution in the state of his resi-dence, or in any other state, does not relieve him from the penalty for a violation of the law of this state. There can be no doubt of the power of the state to prosecute a nonresi-dent of the state who commits a crime against the law of the state by shooting across the line, or by causing a nui-sance in a stream running from one state into another which

results in injury to this state. The publishing of a libel stands on exactly the same footing. As we have seen above, the statutes of this state provide for crimes of that character and for their punishment, and the mere fact that punishment may also be inflicted elsewhere for the commission of the offense in numerous other jurisdictions, does not relieve this state of the right to punish for a violation of its laws.

The case of *United States v. Smith*, 173 Fed. 227, was a case very much like this case, where it was sought to remove the defendant to the District of Columbia from the state of Indiana for trial. It was there held that, for an alleged criminal libel published in Indiana only and distributed in the District of Columbia, the court in the District of Columbia was without jurisdiction to try the defendant for such alleged libel. It does not appear in the opinion in that case that there was any statute in the District of Columbia making it a crime for the circulation of a libel within the District of Columbia. Many things are said in that opinion which are no doubt correct. But we are satisfied that if the statutes in the District of Columbia made it a crime to circulate a libel therein, that the courts of the District of Columbia would have jurisdiction to try a person accused of the offense of circulating a libel therein.

The respondent also cites the case of *United States v. Press Pub. Co.*, 219 U. S. 1. In that case the supreme court held that, where the laws of the state of New York prescribed punishment for the publication of a criminal libel, the United States court was without jurisdiction, even though the circulation was upon a reservation of the United States. We are satisfied that the rule of that case, or the rule of the *Smith* case, does not control the case at bar.

There is much force in the contention that a person accused of crime should be tried before a jury of his peers at the place where the offense was committed. But the application of that principle loses its force when we consider that the offense of circulating a libel in this state is committed in this

state, and the residence of the person circulating the libel, or the place of primary publication of the libel, is not to be considered when he is brought to trial in the jurisdiction where the offense was committed. Circulation of the libel in King county was the commission of the crime in King county, in this state, under our statute, and that is the crime with which he is charged, and that is the place in this state where the trial must be had.

We see no legal or constitutional objections to these statutes. The judgment of the trial court is therefore reversed, and the case remanded for further proceedings.

CROW, C. J., GOSE, CHADWICK, and PARKER, JJ., concur.