FRED O. EBERHARDT, *Petitioner*, vs. W. J. BARKER, Judge of the Circuit Court in and for Highlands County, State of Florida, for the Nineteenth Judicial Circuit of Florida, *Respondent*.

140 So. 633.

En Banc.

Opinion filed March 24, 1932.

Petition for rehearing denied April 22, 1932.

*Edgar W. Waybright*, for Petitioner;

*J. B. Hodges, John F. Harrell* and *James R. Kelly*, for Respondent.

*A. N. Spence*, as amicus curiae.

PER CURIAM.—The petitioner, Fred O. Eberhardt, was indicted for libel by the Grand Jury of Highlands County. The indictment was in two counts based on publications of alleged libelous matter on different dates.

The two counts differ only as to date of the alleged crime and contents of the article published.

A motion to quash the indictment and each count thereof was overruled. A plea in abatement in the nature of a plea of privilege was interposed setting up petitioner's right to be prosecuted in Leon County. A demurrer to the plea in abatement was sustained. In this state of the case, suggestion for writ of prohibition was filed in this court, rule to show cause was issued and respondent demurred to the suggestion.

The question presented by the demurrer to the suggestion may be stated as follows: Is one publishing a libel, as condemned by the law of this state, subject to indictment only in the county where his printing plant and primary circulation is located or may he be indicted in any county into which he mails or circulates papers to subscribers containing such libelous matter?

Petitioner was the editor of The Florida State News, a daily paper published at Tallahassee, Leon County, Florida, where his printing plant and main circulation was, though he mailed papers to subscribers in various other counties in the state, including Highlands County where the indictment complained of was brought. The form nor substance of the indictment or the plea in abatement are challenged, so it becomes unnecessary to quote or discuss them. The indictment was cast under Section 5087 Revised General Statutes of 1920 (Section 7189 Compiled General Laws of 1927) which is as follows:

"Any person convicted of the publication of a libel shall be punished by imprisonment not exceeding one year, or by fine not exceeding one thousand dollars."

At common law the offense of libel was punishable as a crime and was generally held to have been committed in the jurisdiction in which the libel was published. Kennerly vs. Hennessy, 68 Fla. 138, 66 So. 729, 17 R. C. L. 460. It was also held at common law that a prosecu-

tion for criminal libel may be instituted in any jurisdiction where the libelous matter was published or circulated irrespective of where such article was written or printed. 17 R. C. L. 64, note 9 Ann. Cas. 382, 37 C. J. 146.

By Section 5024 Revised General Statutes of 1920 (Section 7126 Compiled General Laws of 1927), the common law of England in regard to crimes except as to modes and degrees of punishment, where not otherwise regulated by statute, was adopted in this state. Section 71 Revised General Statutes of 1920 (Section 87 Compiled General Laws of 1927) provides for a general adoption of the common and statute law of England when not inconsistent with the constitution and laws of the Uunted States and the acts of the legislature of this state.

Now let us see if the common law as applied to the crime of criminal libel is in conflict with the constitution and statutes of this state.

Section twelve of our Declaration of Rights commands that no person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself. Section eleven of our Declaration of Rights provides that in all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed. The sixth amendment to the Federal Constitution is to like effect. Section 5013 Revised General Statutes of 1920 (Section 7115 Compiled General Laws of 1927) provides that all criminal cases shall be tried in the county where the offense was committed, except when otherwise provided by law.

From these provisions, it follows that no one charged and convicted of crime in this state can be twice put in jeopardy for such offense and that he may claim his

right to be tried in the county where the crime was committed unless the facts are such as to effect a change of venue as provided by law. In other words, once legally tried, the matter is a closed incident.

We have found no provision of law to the contrary except Section 5019 Revised General Statutes of 1920 (Section 7121 Compiled General Laws of 1927) which provides that when any indictable offense shall be commenced in one county and terminate in another the offender shall be liable to indictment in either county.

We think this statute has reference to crimes, some element or elements of which accrue in ''one county'' and the remaining element of which accrues ''in another'' county, as when one contrary to law shoots another across the county line or when a false pretense was made in one county and the property secured in another. Connor vs. State, 29 Fla. 455, 10 So. 891, or when a forged instrument was perfected in one county and the money secured in another. Harrell vs. State, 79 Fla. 220, 83 So. 922. It has no reference to an indictment for libel.

We are mindful of the holding in State *ex rel.* Taubman vs. Huston, 19 S. Dak. 644, 104 N. W. 451, Baker vs. State, 97 Ga. 452, 25 S. E. 341, Commonwealth vs. Blanding, 3 Pick. (Mass.) 304, Text 314, 15 A. Dec. 214; *In Re.* Storey, 3 Cent. L. J.; State vs. Piver, 74 Wash. 96, 132 Pac. 858; Shields vs. Commonwealth, 21 Ky. L. 1588, 55 S. W. 881; In re. Kowalsky, 73 Cal. 120, 14 Pac. 399; and State vs. Berry, 112 Me. 501, 92 Atl. 619, which are all contrary to the conclusion we have reached in this case but they are all based on constitutional or statutory provisions different from ours.

We are also aware that other states apply the common law rule that prosecutions for libel may be instituted in any county or jurisdiction where the libelous article or

publication was published or circulated regardless of where written or printed but under the law as applicable in this state, we think under the facts presented, the petitioner was subject to indictment and trial for the offense committed only in Leon County where the alleged libelous matter was composed and printed and where his printing plant and primary circulation is. To hold otherwise, we would in effect hold that petitioner would be subject to indictment and trial for the same offense in each of the sixty-seven counties of the state where a copy of his paper may have been circulated; contrary to the statute and Declaration of Rights. United States v. Smith, 173 Fed. 227; United States vs. Press Publishing Co., 219 U. S. 1, 31 Sup. Ct. Rep. 212, 55 L. Ed. 65; State vs. Moore, 140 La. 281, 72 So. 965; In re. Dana, 68 Fed. 888; State vs. Bass, 97 Me. 484, 54 Atl. 1113.

The Smith and Moore cases are in point with the case at bar and treat the question of venue as to prosecutions for libel under constitutional and statutory provisions similar to ours, reaching the same conclusions that we reach here. Cooley's Constitutional Limitations (8th Ed.) Vol. 1, page 677, 37 A. L. R. note 908, 17 R. C. L. 464, 37 C. J. 145; Wharton Criminal Law (11th Ed.) Vol. 111, page 2135.

This holding goes only to the question of venue in prosecutions for criminal libel as to the primary circulation. We do not decide the effect of mailing to or circulating a "marked copy" in any county or counties other than the county of publication and primary circulation, nor do we decide the question of venue where a bureau agency or office is maintained in another county or counties for the purpose of distribution or circulation.

We are also urged to answer the question of whether or not prohibition will lie to test the venue or jurisdiction of the lower court in a criminal prosecution.

The rule seems to be well settled that prohibition will not lie to restrain criminal prosecutions when the usual and ordinary forms of remedy are sufficient to afford redress as by motion, trial, appeal, habeas corpus, or otherwise, but when these forms are inadequate or insufficient, or the lower court is acting without jurisdiction or in excess of jurisdiction, prohibition will lie. State vs. Moore, 140 La. 281, 72 So. 965; L. Maxcy Inc. vs. Nathan Mayo, decided by this Court January 6, 1932; 50 C. J. 689; 22 R. C. L. 29.

The demurrer to the suggestion for writ of prohibition is accordingly overruled.

BUFORD, C.J., AND WHITFIELD AND TERRELL, J.J., AND ADKINS, Circuit Judge, concur.

ELLIS AND BROWN, J.J., dissent.

DAVIS, J., disqualified.

ADKINS, Circuit Judge (Concurring in conclusion).—I base my concurrence upon the provision (Sec. 11, Bill of Rights, our Constitution):

''In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury, in the county where the crime was committed, and shall be heard by himself, or counsel, or both, to demand the nature of the cause of the accusation against him, to meet the witnesses against him face to face, and have compulsory process for the attendance of witnesses in his favor, and shall be furnished with a copy of the indictment against him.''

Also upon the provisions in (Sec. 12, Bill of Rights, our constitution):

''No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law; nor

shall private property be taken without just compensation.''

It appears to me that these provisions of our constitution contemplate that for any criminal act the accused shall be tried in but one county, and not every county in the State, and that the doctrine that the crime or offense, was of such a nature as to spread throughout the State, although consisting of but one single act, yet was committed in every county of the State, allows a refinement to rob that important constitutional provision of its real intention and purpose.

United States vs. Smith, 173 Fed. 227.

State vs. Moore, 72 So. 965.