W. D. WOODWARD v. W. RAWLEIGH PETTEWAY, as Judge of the Criminal Court of Record, Hillsborough County.

168 So. 806.
Opinion Filed October 9, 1935.
Rehearing Denied December 19, 1935.

*Edwin R. Dickenson,* for Petitioner;
No appearance Contra.

PER CURIAM.—The Constitution of Florida accords the unabridgeable right to the accused in any criminal prosecution to a speedy and public "trial" in the county where the crime was committed. Section 11, Bill of Rights. To protect constitutional rights from invasion, or even partial impairment, appropriate judicial writs, prerogative and otherwise, may be availed of by an injured party. Thus the use of the writ of prohibition has been countenanced to enforce the provision of Section 11 of the Bill of Rights, aforesaid, where it was alleged and shown that a "speedy" trial was being denied petitioner (Feger v. Fish, Judge, 106 Fla. 564, 143 Sou. Rep. 605) and to enforce the venue requirements of the same section when it was shown that a multitude of criminal prosecutions for libel were being carried on in different counties for the same crime. Eberhardt v. Barker, Judge, 104 Fla. 535, 140 Sou. Rep. 633.

The constitutional guaranty of Section 11 of the Declaration of Rights in the Florida Constitution is not that the criminal trial of an accused shall take place in the county where the offense is alleged in the accusation to have been

committed, but that all criminal trials shall be "in the county where the crime *was* committed." State v. Moore, 140 La. 281, 72 Sou. Rep. 965, cited with approval by this Court in Eberhardt v. Barker, *supra*.

If the accused petitioner shall be placed on trial in Hillsborough County on the information filed against him in May, 1935, the resultant judgment of acquittal or conviction can be pleaded in bar of the information for the same offense filed against petitioner in Hernando County at a later date, to-wit: May 23, 1935.

Where a crime can be legally prosecuted in one of several counties in which it may be deemed to have been committed under our special venue statutes (Section 7121 C. G. L., 5019 R. G. S.) the person indicted or informed against may plead a former conviction or acquittal of the same offense in one county against any other prosecution for the same offense in any of the counties in which the venue might have been laid originally.

The Hillsborough County prosecution sought herein to be prohibited is being lawfully proceeded with, so the writ of prohibition absolute should be denied, subject to the conditions stated in this opinion.

Writ of prohibition absolute denied.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.