## C. Harold Hanks

*v.*

### Beckley Newspapers Corporation, *A Corp., et al.*

## (CC 866)

Submitted May 4, 1965.                    Decided June 15, 1965.

*D. Grove Moler, Robert Bailey,* for plaintiff.

*Fletcher W. Mann,* for defendants.

Browning, President:

Plaintiff, C. Harold Hanks, instituted this action for libel against the defendants, Beckley Newspaper Corporation and Emile J. Hodel, in the Circuit Court of Wyoming County. The amended complaint, inter alia, alleges plain-

tiff to be a citizen and resident of Raleigh County, West Virginia, and the corporate defendant, of which the individual defendant is an officer, editor and columnist, to be a corporation whose principal office is in Beckley, Raleigh County, West Virginia, engaged in the publication and distribution of newspapers in Raleigh and surrounding counties, including Wyoming County.

Defendants moved to dismiss the action on the grounds: (1) lack of jurisdiction of the parties defendant; (2) improper venue; and (3) failure to state a claim upon which relief can be granted. In support of the motion, defendants filed the affidavit of Robert Amick, circulation manager of the corporate defendant, to the effect that: all copies of defendants' newspapers circulated in Wyoming County are sold at Wholesale at defendants' publishing plant in Beckley to an independent contractor, who purchases such papers without the privilege of returning any unused copies, and who in turn delivers the papers to other independent contractors in Wyoming County; such papers are not delivered or circulated in Wyoming County by any employee or employees of defendants; the corporate defendant has its principal offices in Raleigh County, where its president, vice-president, secretary, treasurer, general manager and members of its board of directors reside and has no offices and publishes no paper in Wyoming County; and, the individual defendant was served with process in this action at his residence in Raleigh County, and the corporate defendant was served by process sent to the State Auditor of West Virginia, neither defendant having been served with process in Wyoming County.

Plaintiff filed a counter-affidavit asserting that the distribution of the defendants' newspapers by independent contractors is not a matter of casual sporadic purchases by such persons but a method adopted by defendants for the efficient and economical distribution of the newspapers; such newspapers carry a large quantity of local news, including news of Wyoming County, to obtain which defendants have designated representatives or reporters in several counties, at least three of whom are in Wyoming

County, who are paid at a certain rate per column inch; in addition to collecting news, defendants solicit advertising through the reporters and the independent contractors who distribute defendants' newspapers in the various counties; and, the total circulation figures, where required to be stated, include the circulation in all counties as well as the circulation in Raleigh County. Mr. Amick, in an affidavit in reply to plaintiff's, denies that defendants have any representatives or reporters in Wyoming County or solicit any advertising in Wyoming County, though admitting that certain individuals acting for and in behalf of themselves do send in news items which, if accepted, are paid for at a certain rate per column inch; asserts that separate circulation figures are maintained for Raleigh County and for newspapers distributed by independent contractors; and, denies that defendants have any office, employees or agents of any kind in Wyoming County or are engaged in any business in Wyoming County.

The trial court found as facts that: all of the offices of the corporate defendant are located in Raleigh County; all of its officers reside in Raleigh County; plaintiff is a resident of Raleigh County; and, all copies of defendants' newspapers were first printed, distributed and put into circulation in Raleigh County before any were delivered to or circulated in Wyoming County. The trial court then overruled the motion of defendants to dismiss for lack of jurisdiction and venue and, upon joint motion of the parties, certified the following questions of law to this Court:

"1. The action should be dismissed because the Circuit Court of Wyoming County does not have jurisdiction of Beckley Newspapers Corporation, a domestic corporation, by service upon the State Auditor, inasmuch as its officers reside in Raleigh County, West Virginia, and it has its principal offices in Beckley, and plaintiff is a resident of Raleigh County.

"2. The action should be dismissed because venue of the action, being for libel, is not in Wyoming County, West Virginia, inasmuch as *publication* of the alleged libel did not first occur in Wyo-

ming County, West Virginia, but in Raleigh County, West Virginia, where plaintiff is a resident, hence the cause of action arose in Raleigh County and not in Wyoming County."

The individual defendant, Hodel, was dismissed from the action on motion of plaintiff previous to the certification of the above questions.

Code, 56-1-2, provides:

"An action, suit or proceeding may be brought in any county wherein the cause of action, or any part thereof, arose, although none of the defendants reside therein, in the following instances:

"(a) When the defendant, or if more than one defendant, one or more of the defendants, is a corporation;

". . ."

Code, 31-1-71, as amended, provides in part:

"The auditor of this State is hereby constituted the attorney in fact for and on behalf of every corporation created by virtue of the laws of this State and every foreign corporation authorized to do business herein pursuant to the provisions of section seventy-nine of this article, with authority to accept service of notice and process on behalf of and upon whom service of notice and process may be made in this State for and upon every such corporation. No act of such corporation appointing the auditor such attorney in fact shall be necessary. . . ."

It is conceded by the parties to this action that the plaintiff did not reside in Wyoming County, that the defendant corporation did not have its principal offices in Wyoming County, and that none of its officers were served with process in this case in that county. However Code, 56-1-2, clearly and unambiguously provides that an action may be brought in any county wherein the cause of action or any part thereof arose if the defendant is a corporation. If the cause of action herein arose in Wyoming County it is clear that the Circuit Court of Wyoming County had jurisdiction of the subject matter and that, under the

provisions of Code, 31-1-71, as amended, service may be had upon the auditor of this state "on behalf of every corporation created by virtue of the laws of this State." This corporate defendant was created by the laws of this state, service was had upon the auditor, and the trial court thus properly acquired jurisdiction of the corporation. Therefore, we come to the controlling issue presented upon this certificate of whether "the cause of action. . . arose" in Wyoming County.

There is no statute in this state specifically prescribing the venue in an action for libel where the alleged libel was circulated in more than one county of the state. It is clear that this action could have been validly instituted in Raleigh County, but the plaintiff chose an adjoining county for that purpose. Article VIII, Section 21 of the Constitution of this state provides that "Such parts of the common law. . . as are in force when this article goes into operation, and are not repugnant thereto, shall be and continue the law of the State until altered or repealed by the Legislature. . . ." Pursuant to that constitutional provision the Legislature, by Chapter 2, Article 1, Section 1, Code of West Virginia, 1931, as amended, provided: "The common law of England, so far as it is not repugnant to the principles of the Constitution of this State, shall continue in force within the same, except in those respects wherein it was altered by the general assembly of Virginia before the twentieth day of June, eighteen hundred and sixty-three, or has been, or shall be, altered by the legislature of this State." In the Rules of Civil Procedure for Trial Courts, adopted and promulgated by this Court, effective July 1, 1960, Rule 82 expressly states that: "These rules shall not be construed to affect or limit the jurisdiction of the courts or the venue of actions therein."

The rule as to venue of an action of libel is succinctly stated in 37 A. L. R. 908 to the effect that a civil action based upon a writing contained in a newspaper may be instituted in any county in which the paper is circulated although not the place where the paper is printed and although the county in which the action is instituted is

distant from where the parties reside or have their domicile. Under the annotations in support thereof are the following cases: *Haskell* v. *Bailey* (1894), 11 C. C. A. 476, 25 U. S. App. 99, 63 Fed. 873; *Vitolo* v. *Bee Publishing Co.* (1901), 66 App. Div. 582, 73 N. Y. Supp. 273; *Pinkney* v. *Collins* (1787), 1 T. R. 571, 99 Eng. Reprint 1257; *Blackburn* v. *Cameron* (1871), 5 Ont. Pr. Rep. 341; *Irvine* v. *Duvernay* (1878), 4 Quebec L. R. 85. To the same effect see Newell, *The Law of Slander and Libel,* 4th Ed. pp. 236, 237, and *Odgers on Libel and Slander,* 6th Ed. p. 139. See also Jones, *The Law of Journalism* (1940), pp. 76, 77.

In view of the firm rule established at the common law and since it has not been changed by the legislature of this state as to the venue of an action for libel, we are constrained to hold that the Circuit Court of Wyoming County has jurisdiction and venue of this action. Therefore, each of the questions certified must be answered in the negative.

*Ruling affirmed.*