WIGGINTON, Judge.
Petitioners have filed in this court their suggestion for writ of prohibition and other extraordinary relief. They pray for issuance of a writ prohibiting the respondent circuit judge of the Fourteenth Judicial Circuit from holding a scheduled hearing in Port St. Joe for the purpose of arraigning petitioners on the indictment for murder pending against them. Port St. Joe is the county seat of Gulf County in which the offense for which petitioners are charged is alleged to have been committed. In the alternative, petitioners pray for a writ directing respondent to reschedule the hearing for the purpose of their arraignment at some other location within the circuit which has not been influenced to the point of imminent violence against petitioners and their attorneys.
Petitioners were indicted for the first degree murder of Jesse Burkett and Grover Floyd, Jr., in Gulf County on August 1, 1963. While represented by and upon the advice of competent counsel, they pleaded guilty to the charge against them, confessed their guilt in open court and testified in detail to the events which culminated in the cold-blooded murder of their victims, all of which was corroborated by an impartial witness. They were adjudged guilty and sentenced to death, which judgments were reviewed and affirmed by the Supreme Court of this state.
Five years later petitioners, not yet having been executed in accordance with the sentences imposed upon them, filed in the Circuit Court of Gulf County a motion for post-conviction relief praying for an order setting aside their judgments of conviction and awarding them a new trial. A week-long evidentiary hearing was held on petitioners’ motion which culminated in an order rendered in September, 1968, granting the relief prayed. This order was appealed to and reversed by this court. While this court’s judgment of reversal was pending in the Supreme Court of Florida for review, the Attorney General *696 of this state filed in the cause a document entitled "Confession of Error” in which he opined that in their original trial petitioners had been deprived of the equal protection and due process of law, as a consequence of which their judgments of conviction should be set aside and a new trial awarded. Without considering the merits of the case or the correctness vel non of this court’s judgment of reversal, the Supreme Court directed that the judgments against petitioners be set aside, that they be rear-raigned on the original indictments brought against them, and a new trial granted.
Upon the going down of the Supreme Court’s mandate, the respondent circuit judge scheduled a hearing before the court for the purpose of arraigning petitioners and for further proceedings in accordance with the mandate. In response to the order setting the case for hearing, petitioners filed their motion in the cause on July 1, 1971, praying for an order changing the place of their arraignment to another location within the circuit. As grounds for this motion petitioners alleged the occurrence of certain events which transpired during the evidentiary hearing on their motion for post-conviction relief in September, 1968. They allege that such events evinced the existence of prejudice and animosity by certain elements of the community toward petitioners and their attorneys which caused petitioners to be in fear of their lives and personal safety. Their motion also alleged the publication by certain newspapers in the Gulf Coast area of articles regarding them which had the effect of inflaming public sentiment to the point of making it dangerous for them to personally appear in Gulf County without incurring the risk of bodily injury and death. The motion was denied by order dated July 1, 1971.
We have reviewed the record before us but fail to find therein any allegation or proof of any overt act committed by anyone which constituted a threat to the lives or safety of either the petitioners or their attorneys. It is alleged, without substantiating proof, that during petitioners’ evidentiary hearing in September, 1968, a newspaper reporter was assaulted on the steps of the courthouse by a local citizen who apparently was displeased with the manner in which he was reporting the case. Such reporter is neither a party to nor an attorney of record in this action. The hearing was accompanied by the customary growling and complaining which normally attend a prosecution for murder when the friends and relatives of the victims manifest an eagerness to see the guilty persons brought to justice. Furthermore, the unsubstantiated acts which petitioners contend caused them to apprehend danger to themselves and their attorneys all occurred almost three years ago before the highest court of our state solemnly resolved that the ends of justice required that petitioners be accorded a new trial on the indictment brought against them. There are no allegations in the pleadings which have been filed either in the trial court or in the record before this court, nor has any proof been adduced at any stage of this latest proceeding, to the effect that the alleged climate of animosity and ill feeling which may have existed against petitioners and their attorneys at the evidentiary hearing in 1968 exists today. Neither is it alleged nor established by proof that any cause presently exists to believe that the lives and safety of petitioners or their attorneys will be threatened or endangered if they personally appear in the community of Port St. Joe for the purpose of arraignment pursuant to the hearing scheduled by respondent. The foregoing factors were presumably considered by respondent in his consideration and denial of petitioners’ motion to change the place of venue for their arraignment, and in the broad discretion vested in the court were found to be without meritorious foundation. There is no showing in the record before us that in reaching his conclusion the trial court abused his discretion or departed from established principles of law. It is true that the news arti *697 cles referred to in petitioners’ motion and attached as exhibits indicate editorial displeasure at the action taken by the Attorney General of Florida for the part he played in securing a new trial for petitioners. Any public sentiment created by such news articles would necessarily be directed against the Attorney General as an official, and although the existence of such feeling may render it unhealthy for him to personally appear in Gulf County any time within the near future, it must be remembered that he is neither a party to nor an attorney of record in this proceeding. Any ill feeling entertained by the people in the Gulf County area toward the Attorney General for his action in connection with this prosecution will not be assumed to vicariously affect the opportunity of petitioners to receive fair and considerate treatment while personally present in Gulf County.
Prohibition is a prerogative writ issued in the court’s discretion for the purpose of restraining an inferior tribunal from acting without or in excess of the jurisdiction conferred upon it by law. It will never be granted when the usual and ordinary forms of remedy are sufficient to afford redress. Petitioners have not questioned the lawful jurisdiction of respondent to schedule their arraignment hearing in Gulf County where the crime with which they are charged was allegedly committed. Furthermore, petitioners have failed to establish by any proof whatever that respondent abused his discretion in denying their motion for a change of venue for the purpose of their arraignment, or to establish that error, if any, thereby committed may not be remedied by the ordinary method of redress afforded by settled principles of law.[1]
In conclusion we direct attention to the fact that petitioners have not filed in the trial court a motion for a change of venue for the new trial which they have been awarded. Their motion, the denial of which is the subject of this proceeding, was directed only to the arraignment hearing and nothing else. For these reasons we wish to make it clear that nothing said herein is intended to or shall be construed to relate to any further motions which petitioners may file with regard to a change of venue for the purpose of all further proceedings in the case.
The suggestion for prohibition fails to make a prima facie case for issuance of the writ prayed for and is therefore denied.
CARROLL, DONALD K., Acting C. J., and DREW, E. HARRIS, Associate Judge, concur.

I. Eberhardt v. Barker, 104 Fla. 535, 140 So. 633;
25 Fla.Jur. 455, Prohibition, § 5; State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313.