PER CURIAM.
In his petition for writ of prohibition Shane Welch asks this court to terminate his prosecution in Polk County for violating certain sexual predator reporting requirements, criminalized by section 775.21(10), Florida Statutes (2000). He maintains that section 775.25, which designates the counties in which such prosecutions may be brought, abridges his constitutional right to be tried in the county in which his offense was committed. We deny Welch’s petition without prejudice to test the constitutionality of this statute’s application to his facts following a conviction if one results.
Welch was successfully prosecuted and declared a sexual predator by the circuit court in Polk County and was sentenced to prison. Upon his release from confinement early in 2000, he returned to Polk County and abided by the registration requirements of section 775.21(6). Later in 2000 Welch relocated his residence to Manatee County, and, according to the statement of particulars filed by the prosecution, he failed to register as a sexual predator “on or between November 1, 2000 and March 7, 2001 with the Florida Department of Highway Safety and Motor Vehicles (DHSMV) and the Florida Department of Law Enforcement (FDLE).” The registration requirements of section 775.21(6)(g) mandate that qualifying sexual predators must, within forty-eight hours of a change of the predator’s residence, report in person to a driver’s license office and comply with the initial reporting demands of section 775.21(6)(f), which the parties agree Welch satisfied upon his release from prison.
The parties also agree that Welch, upon relocating his residence late in 2000, failed to conform to the registration obligations of section 775.21(6)(g). When Welch changed his residence in late 2000 he relocated to Manatee County and resided there throughout the period identified by the State in its statement of particulars as the time during which the offense of not registering was committed.
The statute in question that authorizes Welch’s prosecution in Polk County for his omission of failing to register reads:
Prosecutions for acts or omissions. A sexual predator or sexual offender who commits any act or omission in violation of s. 775.21, s. 943.0435, s. 944.605, s. 944.606, s. 944.607, or s. 947.177 may be prosecuted for the act or omission in the county in which the act or omission was committed, the county of the last registered address of the sexual predator or sexual offender, or the county in which the conviction occurred for the offense or offenses that meet the criteria for designating a person as a sexual predator or sexual offender. In addition, a sexual predator may be prosecuted for any such act or omission in the county in which he or she was designated a sexual predator.
§ 775.25, Fla. Stat. (2000). As such, the statute would enable authorities in Polk County to prosecute Welch because it is the situs of his conviction giving rise to his sexual predator status and because it is the county of his last registered address.
This statute that prescribes venue for prosecutions conflicts, however, with article I, section 16(a) of the Florida Constitution, which reads in relevant part:
In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be furnished a copy of the *844 charges, and shall have the right to have compulsory process for witnesses,' to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have speedy and public trial by impartial jury in the county where the crime was commited.
(Emphasis added.)
If the State is unable to establish that Welch’s criminal reporting omission occurred while he was situated within the geographical confines of Polk County then his prosecution in that county may well run afoul of article I, section 16(a) of the Florida Constitution.
We note that the supreme court recognized as early as 1932 the availability of a petition for writ of prohibition to protect an accused’s constitutional right to be tried in the county in which his offense' was alleged to have been committed! See Eberhardt v. Barker, 104 Fla. 535, 140 So. 633 (1932). Nevertheless, we are reluctant at this time to hold that the statute governing venue in these prosecutions unconstitutionally abridges Welch’s rights because the State has not yet had a full opportunity to marshal its proof against him.
, We therefore deny Welch’s petition without prejudice.
BLUE, C.J., and DAVIS-and KELLY, JJ., Concur.