OWEN, Judge.
The State appeals an order of discharge entered pursuant to Rule 3.191 CrPR., 33 F.S.A. We reverse.
Appellee, John Eric Wolfe, was charged with the crime of assault with intent to commit murder in the second degree upon Barbara McAdoo. He was taken into custody on this charge on November 5, 1971, and within two weeks he was arraigned and a trial date set for January 17, 1972. In January, 1972 the State moved for and obtained an order granting a continuance on the ground that an essential witness, Barbara McAdoo, was unable to attend trial because she was then hospitalized in Massachusetts as a result of wounds received from the offense alleged in the information. The trial was re-scheduled for April 5th. On March 30th the State again moved for and obtained an order of continuance because the same witness, although discharged from the hospital, was still physically unable to travel from Massachusetts to attend trial. On that date an order was entered re-setting the trial for May 2nd, a date which was 182 days after Wolfe was initially taken into custody. *204 On May 2nd the trial commenced and a jury partially selected. The following day defendant filed his motion for discharge on the ground that he had not been brought to trial within the 180 days provided under Rule 3.191(a)(1) CrPR.
The unavailability of Miss Mc-Adoo, an essential witness in the State’s case, due to wounds allegedly received as a result of the offense with which the defendant was accused, is clearly an exceptional circumstance within the contemplation of Rule 3.191(f) CrPR. Thus, the continuances ordered by the court in January and again in March were justified under this provision of the Rule. When such exceptional circumstances are made to appear, the court may set a new trial date which is within a reasonable time. The order of March 30th, re-scheduling the trial from April 5th to May 2nd, clearly met this requirement under the circumstances of this case. Not only was the new trial date within 4 weeks of the previously scheduled trial date (which in and of itself we view as meeting the requirement of being re-set “within a reasonable time”), but also the new trial date was only a few days beyond the date which the court could have arbitrarily set absent any “exceptional circumstances”.
Since we conclude that the trial date of May 2nd was within the period contemplated by Rule 3.191 CrPR, we do not need to consider the question of whether defendant had affirmatively waived his right to insist upon trial within 180 days of his arrest by virtue of commencing the trial on the 182nd day without objection and waiting until the following day to file the motion for discharge.
The order appealed is reversed and this cause remanded for further proceedings.
REED, C. J., and CROSS, J., concur.