BERANEK, Judge.
Petitioner, a juvenile, was charged with theft by violating § 812.014 Fla.Stat. Petitioner has filed a suggestion for writ of prohibition whereby she contests the trial court’s denial of her motion for discharge made pursuant to Rule 8.180 (Speedy Trial) of the Rules of Juvenile Procedure. This Rule provides as follows:
“(a) Every case in which a petition has been filed alleging a child to be delinquent, ungovernable or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
“(1) The date the complaint is filed with the intake officer as provided by statute.
“(2) The date the child was taken into custody.
“(3) The date the petition was filed.
*134 “(b) If the adjudicatory hearing is not begun within ninety (90) days or an extension thereof as hereinafter provided the petition shall be dismissed with prejudice.
“(c) The court may extend the period of time established by this order on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order will recite the reasons for such extension. The general congestion of the court’s docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension.”
The last day for a trial under the ninety-day limitation was August 17, 1978. By order of August 1, 1978, the trial court extended this time by a period of 11 days. This order by the trial court was to the effect that the juvenile was scheduled for trial during the week of August 7, 1978. The order further stated that the alleged victim of the theft and the State’s chief witness resided within the State of Florida and was currently available for service of process. The order went on to state that on the Friday of the trial week in question the victim was subpoenaed to testify in another court in the same circuit but on the Monday following this scheduled court appearance the alleged victim was planning on leaving the State of Florida on a personal vacation from which she would not return for a period of approximately two weeks. There was a further finding that the defendant had in no way contributed to any delay in bringing the cause to hearing.
On the basis of these findings, a motion for extension of speedy trial filed by the State was granted. An order of continuance was entered. A motion for discharge under the speedy trial rule was filed by the juvenile defendant and denied. We reverse.
Inspection of the order wherein the State’s motion for extension of time was granted shows, on its face, that the State’s main witness was available and indeed was scheduled to be testifying in the same circuit on the Friday of the week in which petitioner was scheduled to be tried. The State argues that the witness was unavailable and relies upon State v. Wolfe, 271 So.2d 203 (Fla. 4th DCA 1972), and State ex rel. Fort v. Driver, 270 So.2d 38 (Fla. 2d DCA 1972). The Wolfe case held the unavailability of a key witness due to injuries alleged to have been committed by the accused was an exceptional circumstance so as to warrant an extension of time. Obviously, this case has no application here. The Fort decision relied upon diligent but unsuccessful efforts on the part of the State to secure testimony of a witness who had voluntarily removed herself from the State due to fear of the accused. In the instant situation the order in question does not demonstrate unavailability and does not make any finding concerning the State’s diligence in securing the presence of the witness. In fact, the order seems to indicate on its face that the witness was available.
The trial courts of this State have discretion in determining availability and due diligence in questions of speedy trial. However, in this case we cannot overlook the clear wording of the Rule to the effect that failure to obtain available witnesses shall not constitute grounds for extension. There is absolutely nothing contained in the order under attack showing unavailability except for a personal vacation during a period of time in which defendant was not set for trial. We are not allowed to assume that other reasons existed in view of the clear dictates of Rule 8.180 requiring recitation of the reasons for an extension.
Under the circumstances, the trial court erred in failing to grant the motion for discharge and in granting the motion for an extension of time.
The orders below are vacated and the writ of prohibition is made absolute. The case is remanded with directions to discharge the defendant.
LETTS and MOORE, JJ., concur.