DAUKSCH, Judge.
Petitioner seeks our Writ of Prohibition to prevent further proceedings pursuant to the petition alleging his delinquency. We grant the petition because we have determined from the record an extension of the adjudicatory hearing was granted for an insubstantial reason. It was done without a proper showing the interests of justice would be served by extending the time for the hearing beyond the time mandated by the speedy trial rule governing juvenile proceedings. Fla.R.Juv.P. 8.180. In fact the only reason the state attorney requested the extension was because “ . . .we have the victim-but we don’t have the two other witnesses who I believe would bolster the officer’s testimony.” There is an indication in the transcript of the hearing on the oral motion for extension that the prosecutor expected the witnesses to come, the court allowed “another fifteen minutes” and when they did not appear, granted the extension. The Rule, Fla.R.Juv.P. 8.180(c), specifically says “ ‘lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension.’ ” K.M. v. Baker, 366 So.2d 133 (Fla. 4th DCA 1979).
There was no written motion for the extension of time for the final hearing but in the transcript of the proceedings where the extension was sought it is readily apparent the state could have been prepared for the hearing by requiring the appearance of the witnesses. The state failed in that respect and failed to set out adequate reasons to be excused, thereby failing to establish how the interests of justice would be served by the requested extension. State v. J.H., 295 So.2d 698 (Fla. 1st DCA 1974).
This cause is remanded with directions to discharge the child.
ANSTEAD and BERANEK, JJ., concur.