BERANEK, Judge.
Defendant appeals from a robbery conviction asserting as error the trial court’s denial of his motion for mistrial and denial of his motion for discharge based on an alleged violation of Rule of Criminal Procedure 3.191, the speedy trial rule. We find no error as to either point and in affirming wish to point out in regard to the second issue that the proof before the trial court was inadequate. Defendant testified in support of the motion for discharge but few facts were actually elicited. Apparently, defendant was originally tried and convicted for robbery and sentenced to life imprisonment. Defendant began serving his sentence and also sought appellate review. While the case was pending before the appellate court, defendant escaped from prison. He was eventually arrested in the State of New York. From the record we are unable to tell whether he was arrested by the New York City Police and held solely by virtue of the Florida escape charge, or whether he was arrested by Federal Authorities on a drug charge. No specific *520 evidence was offered in this regard. While defendant was at large his initial conviction was reversed and a new trial ordered. Defendant appeared in the State of New York before a Federal Magistrate on unknown charges on at least two occasions and was released in the State of New York but subsequently arrested and eventually returned to Florida and again tried and convicted.[1] The record before the trial court does not contain the dates and charges needed to make an intelligent and informed decision on the motion for discharge.
Under the circumstances of this case we conclude the burden of proof was shifted to appellant and that he failed to show availability for trial in accordance with Thigpen v. State, 350 So.2d 1078 (Fla. 4th DCA 1977). We further conclude appellant has failed to demonstrate reversible error before this court based on the record made in the trial court. The trial court’s denial of the motions for mistrial and for discharge are thus affirmed.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.

. The reason for defendant’s release was asserted to be delay on the State’s part in transporting him to Florida. While we adhere to Thigpen v. State, 350 So.2d 1078 (Fla. 4th DCA 1977), the record here is inadequate as to the actual delay involved and the reasons for it.