WM. G. FEGER, *Petitioner*, vs. BERT FISH, as Judge of the Criminal Court of Record of Volusia County, Florida, *Respondent*.

143 So. 605.

Division A.

Opinion filed August 24, 1932.

*Z. Bass* and *Scarlett & Futch*, for Petitioner;

*Hull, Landis & Whitehair*, for Respondent.

BUFORD, C. J.—This case is before us on motion to quash and demurrer to rule nisi in prohibition issued by this Court directed to the Honorable Bert Fish, Judge of the Criminal Court of Record of Volusia County, on petition of Walter F. Feger.

The petition alleges in fact: that Feger was informed

against in the Criminal Court of Record of Volusia County, Florida, in an information charging him with the crime of perjury on the 10th day of November, 1931. That at the term of court at which the information was filed the petitioner demanded trial, but trial was denied and the case was continued upon the application of the State. That at the next term of the court, thereafter to-wit: the January Term, the petitioner was ready for trial and demanded trial but the cause was again continued. That at the next term of the court, to-wit: The March Term, the petitioner was ready for trial and demanded trial but trial was denied and the case was again continued. That at the next term of court, to-wit: the May Term thereof, the defendant was ready for trial and demanded a trial but again the case was continued for the term.

It is alleged that one Philip Chapman is the only known witness against the defendant, that that witness is in the State of Maine, not within the jurisdiction of the Court and this Court will take judicial cognizance of the fact that such witness if in the State of Maine is beyond the jurisdiction of the Court and that there is no process by which he may be brought into the jurisdiction of the Court as a witness.

Petitioner alleges that he is entitled to discharge under the provisions of section 6057 R. G. S., 8362 C. G. L., and that he has been deprived of his right to a speedy trial under the provisions of section 11 of the Declaration of Rights. That by reason of the provisions of section 6057 R. G. S., 8362 C. G. L., the Criminal Court of Record of Volusia County is proceeding in excess of its jurisdiction in holding petitioner to answer further to the charge pending against him.

The statute above referred to may be said to be only a legislative determination of the maximum delay in the trial which may be imposed upon one charged with a criminal

offense where such delay is brought about without any fault or affirmative action on the part of the accused and is allowed to obtain over his protest.

When a court by its affirmative action denies to the accused the rights guaranteed to him under section 11 of the declaration of rights, such action on the part of the Court is in excess of its jurisdiction and, therefore, may be reached by prohibition.

While the statute refers in terms to indictments, it must be held to apply to criminal prosecutions which may obtain without indictments because an accused has the same organic right to a speedy trial under an information which he would have under an indictment.

The petition alleges, and it is admitted by the demurrer and motion to quash, that during four regular terms of the trial court the petitioner has been denied a trial and it further appears from the record that each continuance has been granted without the State being required to comply with the rule in regard to continuance because of the absence of a material witness or of witnesses.

It appears to be very well settled that prohibition will not only prevent future steps being taken where the court is without jurisdiction or is acting in excess of its jurisdiction, but the court issuing the writ may give complete relief by requiring that to be done which will end the litigation in the court against which prohibition is sought. 22 R. C. L. 8. See also note, 111 Am. St. Rep. 978.

Therefore, in a proper case the court may issue its order not only prohibiting the further assumption of jurisdiction by holding a defendant for trial, but, to make that order effective, may require the discharge of the petitioner.

It appears from the record that in holding the accused further to answer the charge pending against him the court is proceeding in excess of its jurisdiction and under the

provisions of the statute the petitioner is entitled to be discharged.

For the reasons stated, the writ of prohibition should issue with directions that the accused be discharged from the prosecution here complained of. It is so ordered.

WHITFIELD, ELLIS AND DAVIS, J.J., concur.

BROWN, J., dissents.

TERRELL, J., not participating.

BROWN, J.—I am inclined to think that habeas corpus is the proper remedy in a case of this kind.