**JOSEPH DICKOFF v. ROBERT T. DEWELL, as Judge of the Criminal Court of Record of Polk County, Florida, appointed to act as Judge of the Criminal Court of Record of Palm Beach County, Florida.**

9 So. (2nd) 804                                    June Term, 1942
October 2, 1942                                       Division A

*E. M. Baynes,* for petitioner.

*J. Tom Watson,* Attorney General, *Woodrow M. Melvin,* Assistant Attorney General, and *H. Tolbert Black,* Special Assistant Attorney General, for defendant.

ADAMS, J.:

Rule nisi in prohibition was heretofore issued and the case is again before us on answer and motion to quash the rule.

Petitioner was informed against in the Criminal Court of Record of Palm Beach County of embezzling the funds of his principal, a resident of Chicago, Illinois. The case was set for trial in July, 1940. There were six continuances granted on motion of the State over petitioner's protest, because of the absence of a material witness. The material witness was petitioner's principal in Chicago, Illinois.

At three successive terms of court petitioner filed written demands for a trial. The case was many times set for trial over a period of approximately two years, which necessarily required petitioner to be prepared to defend himself against the charge constantly over such period. Respondent insists that this remedy is unavailable since petitioner has failed to file a motion for a discharge and procure a ruling thereon and further that the written demands for trial were not filed at the beginning of the terms of court. We fail to find merit in these objections. There is no reason to require the petitioner to apply to the trial judge for a discharge from custody before resorting to this remedy. The repeated actions of granting the State's motion for continuance over petitioner's objection was tantamount to holding petitioner to answer the charge. Furthermore, when it comes to the matter of safeguarding the constitutional rights of the individual the courts look to the substance rather than the technical forms of procedure taken to invoke the protection of the law.

We now take up the objection that the petitioner's demand for a trial was not filed at the beginning of the term. It appears that there was no occasion for such demand. The case was set and the defendant necessarily had reason to

242

believe that the court would proceed with the trial and not grant a continuance except for lawful reason.

The law of this case is ruled by our opinion in the case of Feger v. Fish, as Judge, 106 Fla. 564, 143 So. 605; Section 11, Declaration of Rights, Florida Constitution and Section 194, Criminal Procedure Act, 1939.

The answer is insufficient and the motion is not well taken and our judgment is that the rule nisi is made absolute, writ of prohibition will issue and the petitioner is discharged.

So ordered.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.