215 So.2d 3 (1968)
Daniel I. WINCOR, Petitioner,
v.
The Honorable Jack M. TURNER, As Judge of the Criminal Court of Record of Dade County, Florida, Respondent.
No. 37402.
Supreme Court of Florida.
October 30, 1968.
*4 Harold Ungerleider, Miami Beach, for petitioner.
Charles D. Edelstein, Asst. State Atty., for respondent.
DREW, Justice.
The petitioner Daniel Wincor filed an original proceeding in mandamus in the District Court of the Third District seeking the issuance of an alternative writ from that Court commanding the respondent Criminal Court of Record Judge of Dade County to dismiss certain pending cases against the petitioner Wincor because of the State's failure to bring the petitioner to trial on such charges after three written demands for jury trial had been made pursuant to the provisions of 915.01(2), Florida Statutes 1967, F.S.A.,[1] preceding three successive terms of court. The pertinent portions of the petition are contained in the footnote.[2]
The State moved to dismiss the petition on the sole ground: "The petitioner has *5 a remedy at law, to wit: a petition for writ of prohibition and accordingly, since there [is] another remedy, and in particular a legal remedy, this Court cannot properly grant relief in Mandamus," citing in support of such motion State ex rel. Palmer v. Atkinson, 1934, 116 Fla. 366, 156 So. 726, 730, 96 A.L.R. 539; Feger v. Fish, 1932, 106 Fla. 564, 143 So. 605. The District Court, in a short per curiam order, granted the motion to dismiss, discharging and dismissing the petition for writ of mandamus. In so doing, the Court rendered a decision in direct conflict[3] with the decision in the Fourth District of Gossett v. Hanlon, Fla. App., 195 So.2d 865, and with the following decisions of this Court: Feger v. Fish, supra, and Dickoff v. Dewell, 1942, 152 Fla. 240, 9 So.2d 804. These latter cases shall be more fully discussed hereafter.
We shall direct our attention first to the question of whether prohibition is the exclusive remedy for relief in cases of this nature.
Respondent argues that, inasmuch as the petitioner had an adequate remedy at law, namely prohibition, mandamus would not lie. In this connection, it should be borne in mind that both prohibition and mandamus are legal remedies and in many instances have been used interchangeably. Prohibition is designed to prevent the exercise of unlawful jurisdiction and is negative in nature, whereas mandamus is a writ designed to compel the performance of some ministerial act, often one requiring a court to dismiss actions where such dismissal is required because of intervening events or because the court is about to proceed in excess of its jurisdiction. This Court in State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833, 7 A.L.R. 3d 601, in an action for mandamus required the District Court to reinstate an appeal which had been improperly dismissed. In that case the contention was directly made that under such circumstances mandamus is not a proper remedy. In disposing of this argument, this Court said: "This argument is not without basis, but this Court has followed a different course, one which permits the use of mandamus to test the correctness of a determination of no jurisdiction by a court of lesser jurisdiction." Under this rationale, there could be no logical reason for refusing to apply the opposite of said rule and use the writ to compel the dismissal of an action over which the court no longer had jurisdiction, and this is particularly true where, as here, criminal charges are pending which should be affirmatively disposed of in order to effectively clear the record in such case.
In Dickoff v. Dewell, supra, this Court granted relief to a petitioner in a prohibition proceeding under this identical statute. It was argued in that case that prohibition was not available to the accused because he had failed to file a motion to discharge and procure a ruling thereon. In disposing of such contention, this Court very appropriately observed: "There is no reason to require the petitioner [accused] to apply to the trial judge for a discharge from custody before resorting to this remedy. The repeated actions of granting the State's motion for continuance *6 over petitioner's objection was tantamount to holding petitioner to answer the charge. Furthermore, when it comes to the matter of safeguarding the constitutional rights of the individual the courts look to the substance rather than the technical forms of procedure taken to invoke the protection of the law." The emphasized statement is particularly appropriate here when we consider this technical objection of the State to this action of the accused to enforce his constitutional right to a speedy trial under the provisions of a long-standing statute of this State designed to insure the performance of that duty. Modern rules of procedure are intended to eliminate technicalities and to simplify the administration of justice.[4] This Court has often referred to prohibition as being the counterpart of mandamus. In Curtis, etc. v. Albritton, 101 Fla. 853, 132 So. 677, this Court said: "The writ of prohibition is the counterpart of mandamus in the manner in which it operates, being negative while mandamus is positive in its commands. Spelling on Injunctions and other Extraordinary Legal Remedies (2d Ed.) sec. 1718." Judge Cross, in the recent mandamus case of Gossett v. Hanlon, supra, where identical relief was granted petitioner, very appropriately observed that "In reading section 915.01, supra, in pari materia it is obvious that section 915.01(1) states clearly that relief provided the accused is to be granted by affirmative action of the court rather than by automatic operation of law." (E.S.) While, if the accused elected, he would have the right to resort to prohibition as was done in Dickoff v. Dewell, supra, and other cases to prohibit further proceedings, he has the right, if he elects to do so, to proceed in mandamus to compel the dismissal of such action when the statute has not been complied with. We think from the standpoint of the accused and the orderly administration of justice the latter is a more satisfactory and appropriate method of proceeding because if the accused has complied with the statute, the suit then is dismissed, a final judgment is entered and the case is closed.
We now turn to the question of procedure here. The District Court quashed and dismissed the petition for alternative writ on the State's motion. This order must be and is hereby quashed. On remand the District Court, should, on the allegations of the petition for alternative writ which clearly makes a prima facie case, issue such writ and permit the State to file its return thereto and therein set forth its defenses, if any it has, to the issuance of a peremptory writ. If the petitioner establishes the verity of the allegations of the petition or the State fails to set forth a legal defense in its return, the accused would be entitled to the issuance of the peremptory writ and a complete discharge from the charges against him.
The questioned decision of the District Court is quashed and the cause remanded for further proceedings not inconsistent herewith.
CALDWELL, C.J., and ROBERTS, ERVIN and HOPPING, JJ., concur.
THOMAS and THORNAL, JJ., dissent.
NOTES
[1] When a person has been arrested and released on bond, and thereafter for three succesive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance."
[2] "(1) That on June 20, 1966 informations in Cases No. 66-4556 and No. 66-4557 were filed in the Criminal Court of Record of Dade County, Florida.

"(2) That the Petitioner has not yet been brought to trial although he has made written demands for speedy trial on September 8, 1967, October 10, 1967, December 12, 1967 and February 13, 1968; and that he has complied with the provisions of Florida Statutes 915.01(2) [F.S.A.].
"(3) That on December 19, 1966 the cases were called for trial but were postponed, upon the oral request of the State, until April __, 1967 with a notation by the Court that the cases were to be tried or dismissed on that date.
"Instead of trying the cases on said date the same were set for trial on July 10, 1967.
"On July 10, 1967 the State orally moved for a continuance on the ground that the daughter of the complaining witwas going to have a baby and could not be present at the trial. The Petitioner vigorously objected to the continuance and, notwithstanding the same, the cases were set for trial on September 18, 1967.
"(4) Shortly before September 18, 1967, counsel for the Petitioner was informed that the cases would not be tried on that date because the Assistant State Attorney was on a trip around the world; and on September 8, 1967 the Petitioner filed his Motion for Trial during the then current term.
"(5) The cases were set for trial on December 18, 1967, and on December 15, 1967 the Assistant State Attorney orally requested a continuance on the ground that the husband of the main complaining witness had suffered a heart attack which made it impossible for him to travel from his home in New York to Miami, Florida. Petitioner vigorously objected to the continuance.
"The cases were then set for trial for February 19, 1968 on which date the cases were again continued for report on March 11, 1968, at which time the cases were set for trial, over the objection of the Petitioner, for May 13, 1968.
"(6) That on April 9, 1968 the Petitioner again filed his Motion for an Order of Dismissal and Discharge, the same being a renewal of similar Motions made in December 1967 and on February 13, 1968.
"(7) Your Petitioner further shows that the said Respondent, as Judge of the Criminal Court of Record, is without jurisdiction to try said cause because Florida Statute 915.01(2) [F.S.A.] is mandatory and requires the dismissal and discharge of the Petitioner, who, despite his repeated demands for trial for more than three successive terms of Court has not been brought to trial at or before the third full term after the date he was first committed; and that all of the trial dates were postponed and continued upon the oral motion of the State contrary to the provisions of Florida Statutes 916.04 and 916.05 [F.S.A.].
"(8) The Petitioner has no plain, speedy, or adequate remedy in the course of law; that the remedy by appeal is inadequate for the reason that an appeal does not lie from the orders denying the several Motions for Dismissal and Discharge; that to compel the Petitioner to submit to an unwarranted trial of said cause and then appeal from the judgment, if adverse to him, would not afford speedy or adequate relief. Unless commanded to dismiss the said cases by this Court the said Honorable Jack M. Turner, as Judge of the Criminal Court of Record of Dade County, Florida, Respondent herein, will proceed with the trial of said cases.
"(9) This Petition for a Writ of Mandamus is filed in the above entitled cause as an original proceeding for the reason that the Respondent has refused and still refuses to dismiss said cases and unless restrained and compelled by this Court will proceed with the trial of said cases and the Petitioner has no plain, speedy or adequate remedy in the course of law."
[3] Foley v. Weaver Drugs, Inc., Fla. 1965, 177 So.2d 221.
[4] Rule 1.110, Rules of Civil Procedure, 30 F.S.A., provides: "Forms of action and technical forms for seeking relief and of pleas, pleadings or motions are abolished."