HENDRY, Judge
(dissenting).
The trial court and the majority opinion of this court have held that there was not a valid demand for a speedy trial, within the meaning of § 915.01(2) Fla.Stat., F.S.A., set forth in the motion of defendant which reads:
“COMES NOW the Defendant, by his undersigned attorney, and respectfully moves the entry of an Order in accordance with the Mandate of the District Court of Appeal, Florida, Third District, and says that upon appeal the Judgments of Conviction as to Counts IV and V were reversed and the Defendant herein was discharged from further proceedings thereunder; and the cause was remanded for a new trial on Counts II and III of the information; that the Mandate has issued to this Court;
“The Defendant further moves the Court for leave to withdraw his Waiver of Jury Trial heretofore filed herein and hereby demands trial forthwith by jury.” [Emphasis added.]
I think the motion contained a valid demand for a speedy trial, especially when viewed in the light of our Supreme Court’s expression in Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804, wherein it said:
“Furthermore, when it comes to the matter of safeguarding the Constitutional rights of the individual the courts look to the substance rather than the technical forms of procedure taken to invoke the protection of the law.”
The above statement of our Supreme Court is, in my opinion, particularly applicable to the instant case as it is clearly shown that the state is relying on a technical objection to the pleading which the accused is relying on to enforce his constitutional right to a speedy trial under the provisions of § 915.01(2) supra.
I respectfully dissent.