350 So.2d 1078 (1977)
Julius THIGPEN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1955.
District Court of Appeal of Florida, Fourth District.
August 2, 1977.
Rehearing Denied November 9, 1977.
*1079 Richard L. Jorandby, Public Defender and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
Defendant, Julius Thigpen, appeals his conviction for second degree murder, urging five errors as grounds for reversal. As we find merit in his first point on appeal, we do not reach the remaining issues. This first point concerns the lower court's denial of the Defendant's Motion for Discharge for failure to bring him to trial within the time prescribed by Rule 3.191(a)(1), Fla.R. Crim.P.
The alleged murder occurred on May 31, 1974 in Orlando. The Defendant was first arrested on June 14, 1974 by Orlando police on a charge of first degree murder. On June 21, 1974 the Grand Jury returned a No True Bill and the Defendant was released. On August 6, 1974 he was indicted on a charge of second degree murder. He was arrested in Miami on February 6, 1975 and filed his Motion for Discharge on April 7, 1975. It is clear that the Defendant's 180-day speedy trial time period began to run on June 14, 1974 when he was first taken into custody. See State Ex Rel. Green v. Patterson, 279 So.2d 362 (Fla. 2d DCA 1973).
When an accused files a Motion to Discharge and the State objects, Rule 3.191(e), Fla.R.Crim.P., places upon the State the initial burden of presenting some evidence of non-availability of the defendant for trial. Once the State presents "any evidence tending to show non-availability", the burden shifts to the accused to come forward with competent proof of continuous availability. Rule 3.191(e), Fla.R. Crim.P.; Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976). Therefore, the first question we must consider in the instant case is whether the State presented any evidence tending to show non-availability of the Defendant during the 180-day term.
At the hearing on Defendant's Motion for Discharge, a sergeant from the Orange County Sheriff's office testified that a capias was issued for the Defendant's arrest pursuant to the indictment for second degree murder returned by the Grand Jury on August 6, 1974. Based on information from the Sheriff's Department Booking Report that the Defendant gave an Alabama address when he was first arrested on June 14, 1974, the capias was sent to the Sheriff's office in Alabama. No response was ever received from Alabama authorities. The sergeant stated that no other effort to locate the Defendant was made.
*1080 The Defendant testified that he gave the Alabama address to the Sheriff's Department because his parents lived there and he stayed with them on trips home from Tampa. There was additional evidence that the Orlando Police Department was aware that the Defendant had been working in Tampa at the time of his first arrest and that he had provided the police with his Tampa address. The Orange County Sheriff's office did not contact the Orlando Police Department to see if they had an address for the accused.
While Rule 3.191(e), Fla.R.Crim.P., does not require the State to make exhaustive efforts to locate an accused in order to establish some evidence of non-availability, the Rule does require of the State something more than just sending a warrant to out-of-state authorities without a follow-up. See State Ex Rel. Green v. Patterson, supra; State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976), footnote 2, page 8. In the instant case the State presented no evidence that the Defendant could not be located through his parents' address in Alabama.
Since the State did not present any evidence "tending to show" non-availability, the burden of establishing availability did not shift to the Defendant and he should have been discharged.
REVERSED with directions to discharge the Defendant.
MAGER, C.J., and CROSS, J., concur.