355 So.2d 202 (1978)
STATE of Florida ex rel. Richard Victor Smith, Relator,
v.
The Honorable Lenore C. NESBITT, As Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 77-2485.
District Court of Appeal of Florida, Third District.
February 21, 1978.
*203 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for relator.
Janet Reno, State's Atty. and Nancy Wear Johnston, Asst. State Atty., for respondent.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*204 HUBBART, Judge.
This is an original suggestion for a writ of prohibition challenging the jurisdiction of a judge of the Dade County Circuit Court to try a criminal case on the alleged ground that the defendant's right to a speedy trial has been denied under Fla.R. Crim.P. 3.191. We have jurisdiction to entertain the suggestion. Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942); Woodward v. Petteway, 123 Fla. 892, 168 So. 806 (1935); Sibert v. Hare, 276 So.2d 523 (Fla. 4th DCA 1973); Article V, Section 4(b)(3), Florida Constitution. We have therefore issued a rule to show cause why the writ should not be granted, received a return from the respondent trial judge pursuant thereto, and held a full hearing on the matter.
The controlling issue presented for review is whether a criminal defendant arrested and later charged by information with certain offenses is unavailable for trial sufficient to toll the speedy trial limits under Fla.R.Crim.P. 3.191 if he does not appear in court pursuant to written notice to answer such charges. We hold that such non-appearance in court constitutes evidence of non-availability for trial which, if not properly rebutted, is sufficient to toll the speedy trial limits under Fla.R.Crim.P. 3.191, providing the defendant is in custody or on bail or personal recognizance before the court where the charges are pending. On the other hand, if the defendant is not in custody or on bail or personal recognizance before the court where the charges are pending, his non-appearance in such court pursuant to written notice constitutes no evidence of nonavailability for trial sufficient to toll the speedy trial limits under Fla.R.Crim.P. 3.191. We conclude the defendant's right to a speedy trial herein has been denied and grant the suggestion for a writ of prohibition.
The facts of the case are undisputed. On December 1, 1976, the relator Richard Victor Smith was arrested by an officer of the Dade County Public Safety Department and charged with certain felony offenses, to wit: battery upon a police officer, resisting a police officer with violence, and a misdemeanor offense of disorderly conduct. He was subsequently released on bail from the Dade County Jail.
On December 12, 1976, a committing magistrate held a preliminary hearing on the above charges and the defendant was thereafter bound over for trial before the County Court of Dade County on the reduced misdemeanor charges of simple battery, resisting a police officer without violence, and the original misdemeanor charge of disorderly conduct. The defendant was allowed to remain on bail by the committing magistrate on such charges.
On December 28, 1976, the state filed a direct information against the defendant before the Circuit Court for the Eleventh Judicial Circuit of Florida re-instating the original felony charges upon which the arrest was made and which the committing magistrate had reduced, as well as the original disorderly conduct charge. A written notice of the arraignment before the circuit court on such charges was mailed to the relator's last known address.
On January 14, 1977, the relator did not appear in circuit court for arraignment and an alias capias was issued for his arrest. On August 12, 1977, the relator was served with a capias and arrested. On September 21, 1977, the relator filed a motion for discharge under the speedy trial rule as he had not to that date been brought to trial. The respondent circuit court judge Lenore C. Nesbitt denied the motion. This suggestion for a writ of prohibition follows.
The law is clear that if a defendant in a criminal case is not brought to trial within 180 days after being taken into custody on a felony charge or 90 days after being taken into custody on a misdemeanor charge and is continuously available for trial during such time period, he must be finally discharged from the cause under Fla.R.Crim.P. 3.191(a)(1).[1]Allen v. State, *205 275 So.2d 238 (Fla. 1973); Deloach v. State, 338 So.2d 1141 (Fla. 1st DCA 1976); State v. Jones, 332 So.2d 699 (Fla. 1st DCA 1976); Ramos v. Amidon, 263 So.2d 602 (Fla. 2d DCA 1972). The only exception to this rule is where the speedy trial limits have been waived or extended by court order under certain limited circumstances not applicable here. Fla.R.Crim.P. 3.191(d)(2), (f). See State v. Felton, 348 So.2d 1214 (Fla. 4th DCA 1977); State ex rel. Smith v. Rudd, 347 So.2d 813 (Fla. 1st DCA 1977); State ex rel. Canup v. Langston, 341 So.2d 1069 (Fla. 2d DCA 1977); State v. Wolfe, 271 So.2d 203 (Fla. 4th DCA 1972); State v. Earnest, 265 So.2d 397 (Fla. 1st DCA 1972).
There is no presumption that a defendant is unavailable for trial within the meaning of Fla.R.Crim.P. 3.191. If the state seeks to rely on this ground to defeat a motion for discharge under such rule, it has the burden of going forward with evidence tending to show that the defendant was not available for trial during some or all of the applicable speedy trial period. Upon making such a showing, the burden of proof rests on defendant to establish his continuous availability for trial during the entire applicable speedy trial period. State ex rel. Kennedy v. McCauley, 265 So.2d 547 (Fla. 4th DCA 1972); Fla.R.Crim.P. 3.191(e).[2]
Ordinarily, a defendant who is on bail or personal recognizance and who fails to appear in court pursuant to proper notice is unavailable for trial within the meaning of Fla.R.Crim.P. 3.191. State v. Exposito, 327 So.2d 836 (Fla. 3d DCA 1976); Dara v. State, 278 So.2d 334 (Fla. 3d DCA 1973). This rule, however, is inapplicable where the defendant is not in custody or on bail or personal recognizance before the court in which he fails to appear pursuant to written notice. Such non-appearance does not constitute evidence of non-availability for trial. State ex rel. Barber v. Satin, 296 So.2d 636 (Fla. 3d DCA 1974).
In the instant case, there is no dispute that more than 180 days have elapsed between the date of the relator's arrest herein and the date the relator filed his motion for discharge in the trial court. The defendant has not been brought to trial during this period of time, no order has been sought or obtained extending the speedy trial limits, and the defendant has not waived his speedy trial rights.
The sole issue in controversy is whether the defendant has been continuously available for trial during the above speedy trial time periods. The defendant was on bail after the committing magistrate hearing solely on misdemeanor charges before the County Court of Dade County. He was under no obligation by the terms of his bail or by order of the committing magistrate to appear pursuant to notice in any court other than the County Court of Dade County on the misdemeanor charges on which the committing magistrate bound the relator over for trial.
The state apparently was dissatisfied with the committing magistrate's decision and declined to pursue the reduced misdemeanor charges herein in county court. While the state had a right to make such a decision and file a direct information before the Circuit Court for the Eleventh *206 Judicial Circuit of Florida reinstating the original felony charges, it ran certain speedy trial risks. The relator was not in custody or on bail or personal recognizance on such charges before the circuit court. Therefore, his non-appearance in circuit court after written notice was no evidence of his non-availability for trial within the meaning of the speedy trial rule.
The state counters that it was only fair to give the defendant written notice to appear before having a capias issued for his arrest and that it should not thereby be penalized for following such a procedure. We agree. Although Fla.R.Crim.P. 3.130(k)[3] requires the issuance of a capias with the filing of an information where the defendant is not in custody or at large on bail for the offense charged, we see no legal objection to the written notice procedure followed by the delayed issuance of a capias where the defendant fails to appear. What is critical, however, is that the defendant either through written notice or capias must be physically brought before the court and tried within the speedy trial periods. Bail or recognizance terms must also be set which may mean the continuation of prior bail or release terms. But neither the simultaneous issuance of a capias with the filing of the information nor the issuance of a written notice followed by a capias as employed in this case tolls the speedy trial periods where the defendant is not in custody or on bail or personal recognizance before the court where the charges are pending. Such are the speedy trial risks which the state runs whenever it disregards a committing magistrate's bind over decision and files charges in a different court than that which the magistrate has bound the case over for trial, particularly as to a defendant who is not in physical custody.
It is clear that no speedy trial problem would have arisen if the state had chosen to abide by the committing magistrate's bind over decision herein and pursued the case in county court. The defendant's non-appearance in court pursuant to notice in county court would have tolled the speedy trial time limits because the defendant was on bail on those charges before the county court and would have been obligated to appear pursuant to notice. The defendant's non-appearance in county court pursuant to notice would also have been sufficient to estreat his bail. Not so his non-appearance in circuit court. His bail bond could not have been estreated by the circuit court, and, as such, neither could the speedy trial limits be tolled.
The state relies on Montalvo v. State, 323 So.2d 674 (Fla. 3d DCA 1975). We find this case to be inapplicable to the instant case because there the defendant failed to provide a complete record upon which this court could squarely reach a decision on the speedy trial issue there presented. In the instant case, a full record has been presented and we must meet the issue presented on the merits.
We conclude that the relator was entitled to have been discharged under the speedy trial rule and the suggestion for writ of prohibition is granted. In view of this opinion, however, we assume that the issuance of a formal writ is unnecessary and that the trial court respondent will discharge the relator from the cause.
NOTES
[1] "Except as otherwise provided by this Rule, every person charged with a crime by indictment or information shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapital, and if not brought to trial within such time shall upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during such period of time for trial. The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged."
[2] "The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term."
[3] "Upon the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged the judge shall issue or shall direct the clerk to issue, either immediately, or when so directed by the prosecuting attorney, a capias for the arrest of such person."