396 So.2d 1136 (1981)
Tommy Lee SHERROD, Petitioner,
v.
The Honorable Arthur J. FRANZA, As Judge of the Circuit Court of the 17TH Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 80-2003.
District Court of Appeal of Florida, Fourth District.
March 4, 1981.
Rehearing Denied May 6, 1981.
*1137 Alan H. Schreiber, Public Defender, Daniel L. Tedesco, Asst. Public Defender, and Peter Mineo, Jr., Certified Legal Intern, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for respondent.
HERSEY, Judge.
For two reasons we deny the petition for writ of prohibition. The first goes to the merits of petitioner's argument for issuance of the writ. The second is based upon policy considerations.
After two mistrials the trial court entered an order dismissing the charges against petitioner, Sherrod, with prejudice, cancelling his appearance bond. The state appealed and this Court reversed. State v. Sherrod, 383 So.2d 752 (Fla. 4th DCA 1980). The state made no effort to have the original order stayed pending appeal pursuant to Section 924.19 Florida Statutes (1979). The mandate from this Court, dated June 4, 1980, was lodged in the trial court on June 9, 1980. A new trial was set for July 23, 1980 and petitioner's counsel, the Public Defender's Office, was notified. Petitioner failed to appear for trial on that date. A no-bond capias was issued and the trial was rescheduled for September 2, 1980. Again petitioner failed to appear and again a no-bond capias was issued. The record shows that notice had also been sent to petitioner's last known address.
On October 20, 1980 petitioner filed a motion for discharge in reliance on subsection (g) of Rule 3.191, Florida Rules of Criminal Procedure, which requires that trial be accorded the accused within ninety days of receipt by the trial court of the mandate requiring a new trial.
The State's position was that petitioner's non-appearance on the respective trial dates constituted evidence that he had not been continuously available for trial. Petitioner took the position that there is initially a burden on the state to produce some evidence that the petitioner was not continuously available for trial before the burden shifts to petitioner to come forward with evidence of availability. Thigpen v. State, 350 So.2d 1078 (Fla. 4th DCA 1977). Further, petitioner argues that because he was neither in custody nor on bail or personal recognizance his failure to appear for trial after written notice constitutes no evidence of non-availability for trial State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978). The rule itself provides that there is no presumption that a defendant is unavailable for trial.
In response the state maintained that jurisdiction reattaches upon reversal of the order of discharge or dismissal, so that non-appearance after written notice should constitute sufficient evidence of non-availability to at least shift the burden to petitioner to show continuous availability.
Petitioner relies on State v. Lampley, 271 So.2d 783 (Fla. 3d DCA 1978) for the proposition that failure of the state to seek an *1138 order staying the operation of the order of dismissal effectively terminates the court's control over the petitioner so that written notice is no longer sufficient to require petitioner either to appear or to have his non-appearance accepted by the court as sufficient evidence of his non-availability for trial to shift the burden of going forward with the evidence (on the issue of continuous availability) back to petitioner.
The trial court denied the motion for discharge and these proceedings in prohibition resulted.
We find that neither Thigpen v. State, supra, nor State ex rel. Smith v. Nesbitt, supra, nor State v. Lampley, supra, is controlling here.
The court, in Thigpen, stated the pertinent facts to be:
The alleged murder occurred on May 31, 1974 in Orlando. The Defendant was first arrested on June 14, 1974 by Orlando police on a charge of first degree murder. On June 21, 1974 the Grand Jury returned a No True Bill and the Defendant was released. On August 6, 1974 he was indicted on a charge of second degree murder. He was arrested in Miami on February 6, 1975 and filed his Motion for Discharge on April 7, 1975. It is clear that the Defendant's 180-day speedy trial time period began to run on June 14, 1974 when he was first taken into custody. Id. at 1079.
The evidence was that defendant had given an Alabama address on the Sheriff's Department Booking Report. Accordingly, the capias was sent to a Sheriff's office in Alabama. There was neither a response nor any follow-up. The court, discussing the positive evidence of other possible leads to the whereabouts of the defendant, determined that while the state is not required "to make exhaustive efforts to locate an accused in order to establish some evidence of non-availability ... something more than just sending a warrant to out-of-state authorities ..." will be required.
There are at least two important points of departure between Thigpen and petitioner Sherrod's case. In Thigpen the Grand Jury returned a No True Bill and the defendant was released. There was no lingering residual jurisdiction. The charges were born again by indictment. Petitioner, on the other hand, was involved in a jury trial which resulted in an order from which an appeal was taken. His counsel participated in that appeal. Petitioner was constantly under the jurisdiction of the trial court until that jurisdiction was shifted to this court by virtue of the timely appeal and then back to the trial court by the mandate. At all times notice to his counsel was the equivalent of notice to him. State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980). In addition, the record shows that no bond capiases were requested on both prospective trial dates. This is some evidence that the State made a good faith attempt to bring petitioner physically before the trial court. In summary the cases differ in that (1) petitioner was bound to know that an appeal was possible so that jurisdiction over him might continue despite the erroneous discharge, which in fact did happen; and (2) petitioner was continuously represented by the Public Defender's Office as counsel to which good and sufficient notice was given.
State ex rel. Smith v. Nesbitt, supra, involved criminal charges lodged in two entirely separate and distinct courts. Defendant had been charged with both felony crimes and misdemeanors. He was arrested and released on bail. A committing magistrate subsequently reduced the felony charges to misdemeanors and allowed the defendant to remain free on bail. The defendant was bound over for trial in the County Court of Dade County. The State then filed an Information in the circuit court reinstating the felony charges. Written notice of the arraignment to be conducted on these charges in the circuit court was mailed to the defendant's last known address. He did not appear for arraignment. At the expiration of the speedy trial time and subsequent to his arrest he filed a motion for discharge which was denied. The appellate court simply held that written notice was insufficient where the defendant was not in custody or free on bond or personal recognizance "before the court where the charges are pending." The obvious distinction between that case and this is *1139 that the circuit court never obtained jurisdiction over the defendant. Under such circumstances written notice is clearly insufficient and the district court so held.
The Lampley case simply held that it was error to order forfeiture of a bail bond where the state failed to apply for a stay of an order dismissing an Information. This issue, while perhaps analogous to the questions of notice and jurisdiction, is clearly distinguishable and certainly not controlling on the question of notice involved in the instant case.
In summary, we would deny the petition on the merits for the foregoing reasons.
There is still another and more persuasive basis for denial of the writ here. It is becoming increasingly clear that the use of prohibition in the area of speedy trial violations is becoming an abuse of the writ.
The right to a speedy trial is a fundamental right guaranteed by the Bill of Rights. U.S.Const. amend. VI.
It finds its counterpart in Article I, Section 16 of the Florida Constitution.
The right to speedy trial is codified in Section 918.015, Florida Statutes (1979).
And finally, exercise of the right and its parameters are detailed in Rule 3.191 of the Florida Rules of Criminal Procedure.
Basically, one charged with a felony is entitled to be tried within 180 days after being taken into custody on the crime charged. The time is tolled for such period as the defendant is not continuously available for trial. The speedy trial period may be extended under circumstances set out in the rule.
There is no presumption that the defendant is unavailable for trial. Fla.R. Crim.P. 3.191(e). However, if the State presents any evidence of non-availability, "the accused then must by competent proof establish continuous availability... ." An excellent and more detailed explanation of the rule is contained in Judge Hubbart's opinion in State ex rel. Smith v. Nesbitt, supra.
The factual backgrounds against which alleged violations occur are myriad. Most determinations of whether or not a violation has occurred require factfinding at least to some degree. The ultimate issue, then, is whether a defendant can or should be able to seek relief in an appellate court before being required to proceed to a trial on the merits.
Such relief has been sought, and, on occasion, successfully, by the medium of a petition for writ of mandamus or a petition for writ of prohibition. Both have been deemed appropriate, the former by express holding and the latter by dicta, in Wincor v. Turner, 215 So.2d 3 (Fla. 1968). At least one earlier case cited by the Turner court expressly condoned the use of prohibition. Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942).
Both Turner and Dickoff involved violations of the speedy trial statute then in force (Section 915.01(2) Florida Statutes (1967)) which provided:
(2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.
In Turner the court emphasized that what was involved was the accused's constitutional right to a speedy trial. The accused had filed his written demand on three occasions. There was no disposition by the trial court. The Supreme Court found this no impediment and remanded the cause with instructions to discharge the accused "[i]f the petitioner establishes the verity of the allegations of the petition or the State fails to set forth a legal defense in its return, ..." Wincor v. Turner, supra, at 6.
The point is that (1) it was the accused's constitutional right that was in issue rather than a question of a technical violation of a procedural rule enacted to safeguard that right and shorten the permissible period, *1140 and (2) there was no order or ruling of the trial court based upon a factual determination from which review was being sought.
These are important distinctions because the plethora of petitions that these days inundate the appellate courts are by and large ill-concealed attempts to obtain immediate (and therefore premature and untimely) review of a non-final order in criminal proceedings. It seems clear that neither mandamus nor prohibition are available to test an order denying a motion for discharge based upon a violation of the speedy trial rule where one or more issues of fact are expressly or by necessary implication determined by the trial court in the process of disposing of the motion.
At least in the fourth district, this distinction has been drawn and, for the most part, is being followed. Dees v. Kaplan, Case No. 80-867 (Fla. 4th DCA Order filed June 26, 1980); State ex rel. Clements v. Tyson, Case No. 79-2455 (Fla. 4th DCA Order filed January 4, 1980); Arner v. Tyson, Case No. 79-1109 (Fla. 4th DCA Order filed July 18, 1980); Young v. Tyson, Case No. 80-459 (Fla. 4th DCA Order filed May 8, 1980).
In summary, the preferable rule would seem to be that neither mandamus nor prohibition is an appropriate medium for review of a trial court's order denying a motion for discharge based upon a violation of the speedy trial rule. Mandamus lies to compel the performance of a ministerial act. Its application in a speedy trial rule context assumes a lack of jurisdiction. Prohibition is the appropriate means for preventing a court from proceeding where it has no jurisdiction or where it seeks to act in excess of its jurisdiction.
While violation of an accused's constitutional right to speedy trial may, under appropriate circumstances, divest the court of its jurisdiction, it seems clear that violation of the procedural rule is of an entirely different character. The accused may waive the strictures of the rule expressly or, by his actions, toll the running of the period. Such characteristics are suggestive of authority rather than power. It is power that is the essence of jurisdiction.
While admittedly dealing with different rules and statutes, the Supreme Court of the United States has adopted exactly this posture in dealing with violations of speedy trial. In United States v. MacDonald, 435 U.S. 850, 863, 98 S.Ct. 1547, 1554, 56 L.Ed.2d 18, 29 (1978) Mr. Justice Blackmun stated for the court:
In sum, we decline to exacerbate pretrial delay be intruding upon accepted principles of finality to allow a defendant whose speedy trial motion has been denied before trial to obtain interlocutory appellate review.
This Court declines to issue the writ of prohibition on this basis as well as on the grounds referred to earlier.
WRIT DENIED.
BERANEK, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting:
I would issue a writ of prohibition on authority of State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla.3d DCA 1978). Accordingly, I respectfully dissent.