PER CURIAM.
The petition for writ of prohibition is denied. Involved here is a denial by the trial court of petitioner’s motion for discharge. Petitioner was initially returned to Florida pursuant to a request for custody made through the provisions of the Interstate Agreement on Detainers Act, Sections 941.45 to 941.50, Florida Statutes (1979). Under Section 941.45(4)(c) petitioner was entitled to be tried within 120 days of his arrival in Florida. This is in the nature of a speedy trial requirement. As a result of certain intervening federal court actions and a continuance granted to petitioner because of a change of counsel, trial did not take place within the prescribed period. Petitioner takes the position that expiration of the speedy trial time ousted the circuit court of its jurisdiction so that prohibition is the appropriate remedy.
We decided this issue adverse to petitioner’s position in Sherrod v. Franza, 396 So.2d 1136 (Fla. 4th DCA 1981). Subsequently our sister court, the Fifth District, in Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981), felt compelled by Supreme Court precedents to decline to follow Sherrod although the dissent points out, as we have held, that a violation of the procedural rule could not be jurisdictional. The majority in that case relies specifically on Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942) and Feger v. Fish, 106 Fla. 564, 143 So. 605 (1932).
In Dickoff, the Supreme Court directly refers to “safeguarding the constitutional rights of the individual” as a predicate for granting prohibition. In Fish the court held:
When a court by its affirmative action denies to the accused the rights guaranteed to him under section 11 of the Declaration of Rights, such action on the part of the Court is in excess of its jurisdiction and, therefore, may be reached by prohibition. 143 So.2d 605, 606.
Whether or not the Supreme Court, if it were today confronted with the question of whether a violation of an individual’s constitutional speedy trial rights ousts the circuit court of its jurisdiction, would follow these early cases and respond affirmatively is problematical. What seems reasonably fair to state, however, is that the Supreme Court has not determined that a violation of the procedural rule which simply implements the constitutional right affects the jurisdiction of the offending court.
There can be no question that the constitutional right and the procedural right are not coextensive. The former is measured by the test of reasonableness; the latter by stated periods of time. The constitutional right to a speedy trial displaces the rule when speedy trial as provided by the rule is waived and in certain other circumstances. See State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980). Thus even if a violation of an individual’s constitutional right to a speedy trial ousts the trial court of jurisdiction, which we tend to doubt, it seems reasonably certain *1037 that a mere violation of the procedural speedy trial rule does not have that drastic effect. We therefore respectfully create conflict with the Bates court.
Having concluded that the statute involved here is in effect a speedy trial rule, at least for the purpose of a determination of the propriety of prohibition, we hold that that extraordinary remedy is not available and therefore deny the writ.
PROHIBITION DENIED.
BERANEK and HERSEY, JJ., concur.
ANSTEAD, J., concurs in conclusion only.