427 So.2d 161 (1983)
Tommy Lee SHERROD, Petitioner,
v.
The Honorable Arthur J. FRANZA, Respondent.
No. 60683.
Supreme Court of Florida.
January 6, 1983.
Rehearing Denied March 24, 1983.
*162 Alan H. Schreiber, Public Defender and Steven Michaelson, Asst. Public Defender, Seventeenth Judicial Circuit, Fort Lauderdale, Channing Brackey of the Law Offices of Brackey & Finkelstein, Fort Lauderdale, and Daniel L. Tedesco of the Law Office of Daniel L. Tedesco, Sp. Asst. Public Defender, Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen. and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for respondent.
ADKINS, Justice.
By petition for review we have before us a decision of the Fourth District Court of Appeal, Sherrod v. Franza, 396 So.2d 1136 (Fla. 4th DCA 1981), which expressly and directly conflicts with a decision of this Court, Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942), and with decisions of various district courts of appeal, Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978), and cases holding similarly. Jurisdiction is pursuant to article V, section 3(b)(3), Florida Constitution.
Petitioner, Sherrod, (hereinafter defendant), was charged by information with possession of cocaine in violation of sections 893.03(2)(a)(4) and 893.13(1)(e), Florida Statutes (1977). After two mistrials the trial court ordered the charges dismissed with prejudice and cancelled defendant's appearance bond. This order was reversed on appeal. State v. Sherrod, 383 So.2d 752 (Fla. 4th DCA 1980). A new trial was set for July 23, 1980, and defendant's counsel, the public defender, was notified. Defendant failed to appear for trial and a no-bond capias was issued. The trial was rescheduled and the public defender again was notified. The record shows that notice had also been sent to defendant's last known address. Defendant again failed to appear for trial.
After twice failing to appear for trial, defendant filed a motion for discharge based on Florida Rule of Criminal Procedure 3.191(g), which requires that a trial be accorded the accused within ninety days of receipt by the trial court of the district court's mandate requiring a new trial. The motion was denied. Defendant next petitioned the district court for a writ of prohibition. The petition was denied and these proceedings resulted.
We first address defendant's claim that the district court erred in concluding that his right to a speedy trial had not been breached. The record reflects that the defendant had been involved in a jury trial which resulted in an order from which an appeal was taken, and that defendant's counsel had participated in that appeal. The district court found that defendant was constantly under the jurisdiction of the trial court until jurisdiction shifted to the district court by way of the timely appeal, and that jurisdiction was shifted back to the trial court by the mandate. During these proceedings defendant was represented by the public defender. At all times notice to defendant's counsel was imputed to him. See State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980).
Defendant contends that since the state did not request the trial court to keep him on bond, the necessary result of the order of dismissal and the order cancelling the bail bond was to release him from the jurisdiction of the trial court. We disagree. The district court correctly concluded that defendant was constantly under the jurisdiction of the trial court or the district court. The court found further that "the *163 State made a good faith attempt to bring [defendant] physically before the trial court[;]" and that "[defendant] was bound to know that an appeal was possible so that jurisdiction over him might continue despite the erroneous discharge, which did in fact happen; and ... [defendant] was continuously represented by the Public Defender's Office as counsel to which good and sufficient notice was given." Sherrod, 396 So.2d at 1138.
Defendant's non-appearance on the trial dates constituted evidence that he had not been continuously available for trial. Such non-availability had the effect of tolling the running of the speedy trial time for the period of the non-availability.
Defendant next contends that the district court erred in concluding that prohibition and mandamus are inappropriate to remedy a speedy trial violation. We state at the outset that prohibition (which is the remedy sought here) may properly be used in the context of a speedy trial violation.
In the case of Feger v. Fish, 106 Fla. 564, 143 So. 605 (1932), the defendant had been deprived of his right to a speedy trial under the provisions of section 11 of the Declaration of Rights. Fla. Const. (1885). We held in that case that "[w]hen a court by its affirmative action denies to the accused the rights guaranteed to him under section 11 of the Declaration of Rights, such action on the part of the court is in excess of its jurisdiction and, therefore, may be reached by prohibition." 106 Fla. at 566, 143 So. at 606.
We held similarly in the case of Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942), basing our decision on Feger v. Fish.
In 1971 the legislature enacted section 918.015(2), Florida Statutes (Supp. 1972), requiring this Court to provide procedures by rule through which "the right to a speedy trial" as guaranteed by statute and by section 16 of article I of the state constitution shall be realized. Rule 3.191 was promulgated by this Court for the purpose of implementing the right of a defendant to a speedy trial under the constitution of the state of Florida as well as the sixth amendment to the United States Constitution.
This rule was deemed by the court in State ex rel. Reynolds v. Willis, 255 So.2d 287 (Fla. 1st DCA 1971), as the implementing tool of the constitutional guaranteed right of the accused to a speedy trial, for which a writ of prohibition would be available to the accused. The court in its opinion said:
Indisputably, the right to a speedy trial is one of the most sacred and important rights guaranteed by the United States and the Florida Constitutions. It is common knowledge that the said right has been flagrantly ignored by many courts in this country, and strict rules like Rule 3.191 represent the enlightened effort of many courts to implement the constitutionally-guaranteed right to a speedy trial.
One of the most difficult tasks confronting every judge in criminal prosecutions is to strike a fair balance between the rights of the defendant and the rights of society. Rule 3.191, in our opinion, represents an outstanding effort to strike that fair balance.
255 So.2d at 29. See also Turner v. Olliff, 281 So.2d 384 (Fla. 1st DCA 1973).
The purpose of the speedy trial rule is to ensure (1) the effective implementation of a defendant's constitutional right to a speedy trial, and (2) the effective and expeditious prosecution of criminal offenses. State v. Jenkins, 389 So.2d 971 (Fla. 1980).
Prohibition is an appropriate remedy to prohibit trial court proceedings where an accused has been denied his right to a speedy trial and his motion for discharge has been denied. See Sibert v. Hare, 276 So.2d 523 (Fla. 4th DCA 1973). A court does not have jurisdiction to try a defendant when he is entitled to discharge on the ground of double jeopardy or collateral estoppel, or if he is entitled to a discharge because of a violation of his immunity from prosecution or his right to a speedy trial. See Extraordinary Writs: A Powerful Tool for the Florida Practitioner, 33 U.Miami L.Rev. 1045 (1979).
*164 The district court has said that neither mandamus nor prohibition is available to test an order denying a motion for discharge based upon a violation of the speedy trial rule where one or more issues of fact are expressly or by necessary implication determined by the trial court in the process of disposing of the motion. Sherrod v. Franza, 396 So.2d 1136, 1140. We disagree. Prohibition will not lie until the defendant has first made a motion for discharge to the trial court and this motion has been denied. Any factual question should be determined at this hearing, and upon collateral attack by prohibition the findings of fact made by the trial court become conclusive. There is no sound or practical reason for denying prohibition on the ground that the trial judge made a determination of fact in ruling on the motion for discharge.
We recognize, as stated by the district court of appeal, that a "plethora of petitions", many unfounded, have "inundated" the appellate courts. We have held that the crowded condition of a trial court docket is not good and sufficient reason to toll a discharge of a defendant where his right to a speedy trial has been denied. See Leonard v. McIntosh, 237 So.2d 809 (Fla. 1970). By the same token, a crowded docket at the appellate level should not be used as a reason for denying defendant the right to review, rapidly, a decision of the trial court, determining this constitutional right.
Furthermore, it is a useless expenditure of time and money to engage in a trial where defendant is entitled to a discharge. A trial involves the time of judges, public defenders, state attorneys, jurors, witnesses, and many court officials incident to the operation of the courtroom. In our opinion the remedy by prohibition is a speedy and efficient one.
The recent case of State ex rel. Girard v. McNulty, 348 So.2d 311 (Fla. 1977), involved a speedy trial issue. In Girard we held that:
If the time under the Rule was not validly extended, then it has expired and Girard, upon proper motion, and finding of availability for trial, must be forever discharged from the crime. Rule 3.191(a)(1), Fla.R.Crim.P. Discharge moots the State's appeal so that the district court has lost jurisdiction and should be prohibited from proceeding on it.
348 So.2d at 312 (footnote omitted). In the second footnote we stated that prohibition is a proper remedy to prevent a lower court from proceeding on a cause over which it has no jurisdiction. 348 So.2d at 312 n. 2. See also Wincor v. Turner, 215 So.2d 3 (Fla. 1968).
The various district courts of appeal have also reached similar conclusions. See Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978); State ex rel. Dean v. Booth, 349 So.2d 806 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 129 (Fla. 1978); Turner v. Olliff, 281 So.2d 384 (Fla. 1st DCA 1973); Sibert v. Hare, 276 So.2d 523 (Fla. 4th DCA 1973).
For the reasons stated in this opinion, the district court was correct in declining to issue the writ of prohibition. The decision is approved.
It is so ordered.
BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., concurs in result only with an opinion.
ALDERMAN, Chief Justice, concurring in result only.
Although I agree with the majority's conclusion that the district court correctly denied the petition for writ of prohibition, I disagree with the majority's holding that prohibition is a proper remedy to seek review of a trial court's order denying a defendant's motion for discharge based on the speedy trial rule.
The Fourth District, in a well-reasoned opinion, explained why the petition for writ of prohibition was not appropriate under the circumstances. I would approve its rationale as well as its further analysis announced in its subsequent decision of Gallego v. Purdy, 415 So.2d 166 (Fla. 4th DCA 1982). The Fourth District explains that *165 the question of whether there has been a speedy trial rule technical violation entitling a defendant to discharge requires a factfinding to some degree. It correctly declares that while violation of an accused's constitutional right to speedy trial may divest the court of its jurisdiction, violation of the speedy trial rule is of a different nature. The Fourth District, in Gallego v. Purdy, further reasoned:
Neither logic nor precedent dictate that the same result should follow from a violation of the procedural speedy trial rule. It is indee seldom that the legal issue of whether or not there has been a violation of the speedy trial rule comes to the appellate court unencumbered by issues of fact. Were it otherwise, the trial court would most likely have put the issue properly to rest in the first instance. An application for these extraordinary remedies, then, has its genesis in an error, either of fact or law or both, by the trial court. Further confusing the issue may be controversy concerning the date the speedy trial period began to run, what crimes arose out of the single criminal episode for which the accused was taken into custody, whether custody resulted from different criminal activity or occurred in a different jurisdiction, whether the accused was continuously available for trial, whether there was a defense continuance or whether a continuance was properly chargeable to the defense, whether there exist facts constituting a waiver and other such factors. Under these circumstances we are disinclined to view speedy trial rule cases as involving simply a ministerial function which the accused has the right to demand and which it is the plain (and simple?) official duty of the trial court to perform. We do not comprehend that the ends of justice require that the trial court be temporarily divested of jurisdiction mid-proceedings in order that an appellate court may consider whether the mere passage of time has permanently ousted the court of its jurisdiction in the matter.
415 So.2d at 169.
The Fourth District appropriately concluded both the present decision and Gallego with the following statement made by Justice Blackmun in United States v. MacDonald, 435 U.S. 850, 863, 98 S.Ct. 1547, 1554, 56 L.Ed.2d 18 (1978): "In sum, we decline to exacerbate pretrial delay by intruding upon accepted principles of finality to allow a defendant whose speedy trial motion has been denied before trial to obtain interlocutory appellate review." 415 So.2d at 172.
Prohibition lies to prevent a lower tribunal from exercising jurisdiction which it does not have. The trial court in the present case clearly had subject matter jurisdiction and jurisdiction over Sherrod. It had the jurisdiction and thereby the authority to decide whether or not Sherrod was entitled to discharge under the speedy trial rule. Explaining the nature of prohibition, in English v. McCrary, 348 So.2d 293, 298 (Fla. 1977), we said that prohibition lies not to prevent an erroneous exercise of jurisdiction but only to prevent an act in excess of jurisdiction and that "where the jurisdiction of a court depends on a fact which it is required to ascertain, its judgment determining that such fact does or does not exist is conclusive on the question of jurisdiction, until set aside or reversed by direct proceedings."
Prohibition is not available to defendant to serve as an appeal from an interlocutory order on a question of fact decided by the trial court. If such an interlocutory review is to be permitted, it should be expressly provided for in the appellate rules and the Florida Statutes. Defendant's appropriate remedy at the present time is to raise the alleged speedy trial violation on appeal of his judgment of conviction in the event that he is convicted.
I would approve the entire decision of the Fourth District.