**STATE of Iowa, Appellee,**

v.

**Daniel Patrick WEBB, Appellant.**

No. 96–1539.

Supreme Court of Iowa.

Oct. 22, 1997.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, John Sarcone, County Attorney, and Odell McGhee and Michael Hunter, Assistant County Attorneys, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

David Patrick Webb appeals from a conviction of homicide by vehicle in violation of Iowa Code section 707.6A(1) (1995). He contends that the prosecution was time barred by Article III of the Agreement on Detainers Compact codified in this state as Iowa Code section 821.1. After reviewing the record and arguments presented, we conclude that Article III of the detainers compact was not properly invoked by Webb so as to take precedence over the State's effort to have Webb available for trial in Iowa within the time prescribed in Article IV of the detainers compact. We thus affirm the judgment of the district court.

Webb was involved in a motor vehicle accident on November 15, 1993, in which Ronald McCullough was fatally injured. A sample of his urine taken at this time tested positive for cocaine, marijuana, and other substances. No charges were filed at this time as a result of the November 15 transactions. Two earlier controlled-substance violations against Webb were pending and untried.

In early 1994 Webb was convicted of two felonies in Oklahoma involving improper use of controlled substances. While serving his sentence on those charges, he sought in July 1994 to invoke Article III of the Agreement on Detainers Compact so as to clear up any pending Iowa charges. At that time, no detainer from Iowa was on file with Oklahoma authorities. Having received no response to his request for disposition of pending charges, on February 15, 1995, Webb sent a motion to dismiss any and all charges pending against him to the Polk County attorney. The drug charges were dismissed in August of 1995.

In July 1995 an assistant Polk County attorney acting in compliance with Article IV of the detainers compact requested that Oklahoma authorities make Webb available

in Iowa for trial on the vehicular homicide charge. Among the documents that accompanied the request for Webb's return was a detainer on the vehicular homicide charge. Pursuant to the State's Article IV request, Webb was returned to Iowa on March 22, 1996. A trial information was filed, and the case was assigned for trial on July 10, 1996.

In denying Webb's motion to dismiss the prosecution as untimely, the district court found that, with respect to the vehicular homicide charge, the filing of a detainer was necessary to invoke Article III of the detainers compact. Because there was no detainer filed when Webb attempted to start the process in 1994, the court found that Article III had not been properly invoked. The court found that the State had properly invoked Article IV of the detainers compact by its request for Webb's return. Based on that determination, the court concluded that the State had 120 days within which to try Webb for the crime to be measured from the time of his arrival in the receiving state.[1]

■ This court's review is for correction of errors of law. Iowa R.App.P. 4. The detainers compact was enacted to facilitate prisoner rehabilitation by providing a mechanism for clearing up detainers against parties incarcerated in other states. Iowa Code § 821.1 (1995). The detainers compact provides two separate means of doing so. Under Article III, the prisoner may initiate proceedings by giving notice to the appropriate court of his desire to face the charges pending against him. The receiving state then has 180 days to bring the prisoner to trial.[2] Under Article IV, the state may initiate proceedings by forwarding a written request of custody to authorities of the state in which the prisoner is incarcerated. The prisoner must then be brought to trial within 120 days of the prisoner's arrival in the requesting state.[3]

Webb argues that Article III applies whenever the prisoner initiates the process under the detainers compact, even when a detainer has not yet been filed against him. However, this court has previously required a detainer to be filed in order for a prisoner to commence proceedings under Article III. *State v. Wood*, 241 N.W.2d 8, 12 (Iowa 1976). In *Wood* we noted that the purpose of the detainers compact is not to protect prisoners against untried charges in other states, but rather to prevent the lodging of detainers of unlimited duration based on untried charges. *Id.* at 12–13.

■ Our holding in *Wood* clearly establishes that Webb's effort to initiate Article III of the compact in July 1994 was without legal significance because at that time no detainer had been filed with Oklahoma authorities concerning the Iowa vehicular homicide charge. The issue remaining is whether, as Webb now claims, his prior request

---

1. That date was March 22, 1996, and the court consequently concluded that the July 10 trial date was within the legally prescribed limit. The July 10 trial date was ultimately continued, and the case was tried in August of 1996. Webb does not dispute the State's contention that the continuance was for good cause, and claims no violation of the Article IV time requirement.

2. This statute provides in part:

   Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the prisoner's imprisonment and the prisoner's re-

quest for a final disposition to be made of the indictment, information or complaint....

   Iowa Code § 821.1.

3. This statute provides in part:

   *a.* The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom the officer has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V *"a"* hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the state in which the prisoner is incarcerated....

   ....

   *c.* In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state....

   Iowa Code § 821.1.

under Article III did become effective as of July 1995 when Iowa did lodge a detainer on that charge with Oklahoma authorities. If that was the case, the 180–day speedy trial provision of Article III of the compact would have expired sometime during January 1996.

Courts that have attempted to resolve the problems created by overlapping requests for prisoner transfer under Article III and Article IV of the compact have resolved against giving simultaneous effect to both clauses. Rather, it has been held that the first party to perfect the compact request, be it the state or the prisoner, is entitled to proceed according to the article of the compact under which that request is made. *Shewan v. State,* 396 So.2d 1133, 1134 (Fla.Dist.Ct.App. 1981); *State v. Willoughby,* 83 Hawai'i 496, 503, 927 P.2d 1379, 1386 (Ct.App.1996). In applying this rule to the present case, it appears that Webb's compact request was in no way perfected prior to the filing of the State's request because no detainer was filed other than the demand for Webb's return under Article IV. Given this circumstance, we conclude that the State's request should be given precedence over Webb's premature attempt to invoke Article III before a detainer had been filed. The district court was therefore correct in rejecting Webb's contentions based on Article III. The judgment of the district court is affirmed.

**AFFIRMED.**